PEOPLE *v.* DAVIS

AUTOMOBILES—DRIVING AWAY AUTOMOBILE OF ANOTHER—INTENT.
  Intent to steal is not an element of the crime of unlawfully
  driving away an automobile of another.

Appeal from Recorder's Court of Detroit, Andrew L. Wood, J. Submitted Division 1 August 31, 1971, at Lansing. (Docket No. 10881.) Decided September 29, 1971.

Kenneth Davis was convicted of possessing a motor vehicle known to be stolen and unlawfully driving away the automobile of another. Defendant appeals. Reversed as to the conviction of possessing a motor vehicle known to be stolen; affirmed as to the conviction of unlawfully driving away the automobile of another.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*M. John Shamo,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic § 304.

PER CURIAM. The defendant was convicted after a bench trial of possessing a motor vehicle known to be stolen, MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954), and unlawfully driving away the automobile of another, MCLA § 750.413 (Stat Ann 1954 Rev § 28.645). He was sentenced to a term of four to ten years in prison on the first count and four to five years on the second count, to run concurrently.

The defendant's reliance on *People* v. *Morton* (1970), 384 Mich 38, is sound. The people concede the case is controlling, that there was no evidence of intent to transfer title, and that the conviction of possession of a motor vehicle known to be stolen should be reversed.

There was sufficient evidence to sustain the defendant's conviction of unlawfully driving away the automobile of another. Intent to steal is not an element of the offense. *People* v. *Stanley* (1957), 349 Mich 362; *People* v. *Limon* (1966), 4 Mich App 440.

The defendant's conviction on the first count is reversed. The motion to affirm the defendant's conviction on the second count is granted. Resentencing is not required. The case is remanded for further proceedings consistent with this opinion.