PEOPLE v LERMA

1. CRIMINAL LAW—INTOXICATION—DEFENSE OF INTOXICATION—SPE-
   CIFIC INTENT CRIMES.
   Voluntary intoxication can be a defense to a criminal act only
   where the crime charged requires a specific intent to be proved.

2. CRIMINAL LAW—SPECIFIC INTENT CRIMES—DEFINITION.
   Specific intent means some intent in addition to the intent to do a
   physical act which a crime requires, and specific intent crimes
   are limited only to those crimes which are required to be
   committed either purposefully or knowingly; therefore, in order
   to commit a specific intent crime an offender must subjectively
   desire or know that the prohibited result will occur.

3. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AUTOMOBILE—SPE-
   CIFIC INTENT—INTOXICATION AS DEFENSE.
   A specific intent to take possession unlawfully of a vehicle is a
   necessary ingredient of the joyriding statute, and, therefore, a
   defendant has a right to interpose an intoxication defense to
   such a charge (MCLA 750.413; MSA 28.645).

Appeal from Macomb, Frank Jeanette, J. Sub-
mitted December 10, 1975, at Lansing. (Docket No.
22783.) Decided January 8, 1976. Leave to appeal
denied, 396 Mich 848.

Lawrence Lerma was convicted of unlawfully
driving away an automobile. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Don L. Milbourn,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 107.
[2] 21 Am Jur 2d, Criminal Law §§ 82, 83.

pellate Lawyer, and *William Alan Dardy,* for the people.

*George E. Montgomery,* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

McGREGOR, P. J. Defendant, Lawrence Lerma, was convicted by a jury of taking possession and driving away a motor vehicle, contrary to MCLA 750.413; MSA 28.645.[1] Defendant now appeals that conviction as a matter of right.

During trial, the defendant attempted to establish a defense based upon intoxication. However, the trial court, in its charge to the jury, precluded intoxication as a permissible defense, stating:

"There has been some testimony that the defendant and his companion had wine to drink. Ladies and gentlemen, it is well settled law in this state that except in a crime involving specific intent that voluntary drunkenness is not a defense."

As a result, no other mention of defendant's intoxication was made during the remainder of the charge.

The primary issue raised by the defendant on appeal is whether voluntary intoxication can be a valid defense to the crime for which he was con-

---

[1] This statute, commonly known as the "joyriding" statute, provides as follows:

"Any person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five [5] years."

victed.[2] The resolution of this issue essentially
involves the determination of whether the crime of
"joyriding" is a specific intent crime, or, to be
more precise, whether the word "willfully" in the
statute denotes a specific intent as a necessary
element of that crime.

Preliminarily, we note that voluntary intoxica-
tion can be a defense only where the crime
charged requires a specific intent to be proved, but
not where a general intent need be proved. See
*People v Guillett,* 342 Mich 1; 69 NW2d 140 (1955),
*People v Kelley,* 21 Mich App 612; 176 NW2d 435
(1970), *People v Widgren,* 53 Mich App 375; 220
NW2d 130 (1974).[3]

The people, relying primarily on *People v Stan-
ley,* 349 Mich 362; 84 NW2d 787 (1957), and *People
v Davis,* 36 Mich App 164; 193 NW2d 393 (1971),
argue that the "joyriding" statute is not a specific
intent crime, but rather, a general intent crime.
However, these cases are not in point. In *Stanley,*
cited and followed by this Court in *Davis,* the
Supreme Court based its decision on the trial
judge's reasoning that the Legislature passed
MCLA 750.413; MSA 28.645 in order to punish
individuals who, although they had unlawfully
taken an automobile, could not be punished under
the larceny statute, since they did not possess the
specific intent permanently to deprive the owner
of his vehicle. Thus, *Stanley* was limited to a
finding that the "intent to steal" was not an

---

[2] This very same question was specifically left open in *People v
Hawk,* 22 Mich App 337, 339; 177 NW2d 174 (1970):

"We find no need to consider whether, because of the statutory
requirement that the offender act "willfully", intoxication would be a
valid defense. The evidence of intoxication was meager; even if
intoxication is a defense, the trial judge was not obliged to acquit the
defendant on the sparse proofs presented." (Footnotes omitted.)

[3] This often amorphous distinction has been criticized. *See People v
Kelley, supra,* pp 628–631.

element of the "joyriding" statute. As a result, it does not preclude a finding that the statute could embody some other specific intent as a necessary element thereof.

Before determining whether the "joyriding" statute's requirement that an offender act "willfully" denotes a specific intent, it is, of course, necessary first to establish what is meant by the term "specific intent". Unfortunately, however, Michigan case law provides very little, if any, guidance in this regard. Perhaps this is understandable since it has been said that a specific intent cannot be meaningfully distinguished from a general intent.[4] Nevertheless, binding precedent requires us to make an attempt.

Specific intent has been defined as "meaning some intent in addition to the intent to do the physical act which the crime requires", while general intent "means an intent to do the physical act —or, perhaps, recklessly doing the physical act— which the crime requires". LaFave & Scott, Criminal Law, p 343.

A much more workable definition would center upon the several mental states set forth in the various proposed criminal codes. Analyzed in this fashion, specific intent crimes would be limited only to those crimes which are required to be committed either "purposefully" or "knowingly", while general intent crimes would encompass those crimes which can be committed either "recklessly" or "negligently". Thus, in order to commit a specific intent crime, an offender would have to subjectively desire or know that the prohibited result will occur, whereas in a general intent crime, the prohibited result need only be reason-

---

[4] See Hall, *Intoxication in Criminal Responsibility*, 57 Harv L Rev 1045, 1064 (1944).

ably expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result.

Having thus determined what we believe specific intent crime to entail, it still remains to be determined whether the word "willfully" in the "joyriding" statute connotes such an intent.

In this regard, also, the Michigan cases furnish little guidance. "Willfully" has been variously defined as "an evil intent",[5] "a bad purpose",[6] or a "guilty knowledge".[7] Additionally, cases from other jurisdictions are also of little use.[8] However, most decisions have concluded that "willfully", at least when used in a criminal context, implies a knowledge and a purpose to do wrong. See 46 Words and Phrases, pp 8–9 (Permanent ed). As such, "willfully" would fall within our above definition of a "specific intent". Consequently, we hold that a specific intent to take possession unlawfully of the vehicle is a necessary ingredient of the "joyriding" statute.

We believe that this result is appropriate for two reasons. First, in *People v Limon,* 4 Mich App 440; 145 NW2d 287 (1966), our Court enumerated "done willfully" as a separate and distinct element of the

---

[5] *See People v Jewell,* 138 Mich 620; 101 NW 835 (1904).

[6] *City of Detroit v Pillon,* 18 Mich App 373; 171 NW2d 484 (1969).

[7] *People v Andrews,* 45 Mich App 354; 206 NW2d 517 (1973). This case also involved the "joyriding" statute.

[8] Plaintiff also directs our attention to *Proctor v United States,* 85 US App DC 341; 177 F2d 656 (1949), and *Schwab v United States,* 327 F2d 11 (CA 8, 1964), for the proposition that the "joyriding" statute is not a specific intent crime. However, these cases are distinguishable in that the statutes there construed did not contain the element "willfully". Moreover, some courts have found that crimes which are defined as the "willfully" doing of some act are specific intent crimes allowing the intoxication defense to be applied, while others are not. *Compare Stenzel v United States,* 261 F 161 (CA 8, 1919), with *Embry v State,* 310 P 2d 617 (Okla, 1957). *See,* generally, 21 Am Jur 2d, Criminal Law, § 87, p 168.

crime of "joyriding". Thus, "willfully", as interpreted in Limon, would fulfill the standard definition that a specific intent be some intent in addition to the intent to do the mere physical act which the crime requires. The intent to do only the required physical act—the taking or driving away of the motor vehicle without authority—would therefore be insufficient to constitute the crime of "joyriding", as the act must also be committed "willfully". Secondly, the only significant difference between the crime of "joyriding" and the crime of larceny is that the "joyriding" statute does not require that the offender intend *permanently* to deprive the owner of the possession of the property. It would therefore seem somewhat incongruous that a defendant charged with larceny could go free if his evidence showed intoxication,[9] when the same defendant, if charged with joyriding would be completely precluded from raising that defense. We do not believe that the right to interpose a recognized defense should depend so heavily upon the semantics of which of two similar crimes a defendant is initially charged.

Holding as we do that MCLA 750.413; MSA 28.645, is a specific intent crime, we must, therefore, also hold that the defendant was entitled to have the jury consider his intoxication defense. Since this was not done, the defendant is entitled to a new trial.

Reversed and remanded.

---

[9] Larceny has been held to be a specific intent crime, thereby entitling the defendant to the intoxication defense. *See People v Walker,* 38 Mich 156 (1872).