YOUNGBLOOD v DEC PROPERTIES

Docket No. 143624. Submitted January 19, 1994, at Detroit. Decided April 18, 1994, at 9:30 A.M.

Jack R. Youngblood brought an action in the Wayne Circuit Court against DEC Properties, seeking to quiet title to property purchased by the defendant at a tax sale after the plaintiff became delinquent with regard to the property's taxes. The plaintiff did not redeem the property within the period of redemption, but claimed title on the basis of the defendant's alleged improper service of the notice of the right to redemption. The notice was served on the twenty-five-year-old daughter of the plaintiff's live-in girl friend and fiancee, who had resided with the plaintiff and her mother for approximately eight months before the notice was served. The court, Richard P. Hathaway, J., granted the defendant's motion for summary disposition. The plaintiff appealed, alleging that service of the notice was improper because his girl friend's daughter was not his blood relative.

The Court of Appeals held:

The plaintiff was served properly. The term "family" in the statute that provides that service of the notice of the right to redemption may be given by leaving the notice at the last grantee's usual place of residence with a member of that person's family of mature age, MCL 211.140(6); MSA 7.198(6), should not be defined restrictively to include only persons related by consanguinity. The relevance of "family" does not pertain to blood or lineage, but, rather, to members of a household likely to have contact with the person who is to be served. The emphasis is not on the origin of the relationship but the nature of the relationship and its likelihood to guarantee contact between the one to whom notice is given and the one to whom notice is due.

Affirmed.

*George A. Decker,* for the plaintiff.

*R. Daniel Webster,* for the defendant.

Before: JANSEN, P.J., and McDONALD and G. M. HOCKING,* JJ.

McDONALD, J. Plaintiff appeals as of right from a July 22, 1991, order granting defendant DEC Properties' motion for summary disposition pursuant to MCR 2.116(C)(10) in this action to quiet title. We affirm.

Plaintiff purchased the subject property in 1975 but became delinquent in property taxes in 1986. The property was eventually purchased by defendant at a tax sale in 1988. A copy of the notice to redeem was served on Kim Liebert, the daughter of plaintiff's live-in girl friend and fiancee, on October 21, 1989. Liebert, a twenty-five-year-old college student, had been residing with plaintiff and her mother for approximately eight months before the service. Plaintiff did not redeem the property within the six-month statutory period of redemption. MCL 211.140(1), (2); MSA 7.198(1), (2). Thereafter, plaintiff filed the instant action, claiming title to the property on the basis of defendant's alleged improper service of the notice of redemption. Plaintiff claims service to Kim Liebert did not constitute service to him because Liebert was not his blood relative.

The statute provides that service of the notice of right to redemption may be given to the last grantee

> by leaving the notice at that person's usual place of residence *with a member of that person's family of mature age.* [MCL 211.140(6); MSA 7.198(6); emphasis added.]

Plaintiff argued below and now argues on appeal that the term "family" as used in the statute should be given a restrictive biological definition. We disagree.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Such a restricted definition of "family" does not comport with the reality of the nature of families existing in today's society. Moreover, our Supreme Court as early as 1883 in *Carmichael v Northwestern Mutual Benefit Ass'n,* 51 Mich 494; 16 NW 871 (1883), declined to limit the term "family" to just a nuclear or extended family whose members are related by consanguinity, marriage, or adoption. See also *Livonia v Dep't of Social Services,* 423 Mich 466; 378 NW2d 402 (1985). As stated by this Court in *Bellarmine Hills Ass'n v Residential Systems Co,* 84 Mich App 554, 560; 269 NW2d 673 (1978):

> [T]he word family denotes a concept, the application of which is dependent upon the basis of affiliation of the group being analyzed juxtaposed with the public policies invoked by the particular circumstances of the case being reviewed.

Plaintiff has failed to support his position that the term "family" in MCL 211.140(6); MSA 7.198(6) should be defined restrictively to include only persons related by consanguinity. The purpose of the statute is to achieve notice. Limiting the term as suggested by plaintiff does not further this purpose. When considering the particularities of serving someone notice, the relevance of "family" does not pertain to blood or lineage, but rather to members of a household likely to have contact with the person who is to be served. Thus, the Legislature's requirement that the person be of mature age. Again, the emphasis is not on the origin of the relationship but the nature of the relationship and its likelihood to guarantee contact between the one to whom notice is given and the one to whom notice is due.

We find no error. Plaintiff was properly served notice.

Affirmed.