BUTTERWORTH HOSPITAL v FARM BUREAU INSURANCE COMPANY

Docket No. 188374. Submitted February 5, 1997, at Grand Rapids. Decided August 29, 1997, at 9:15 A.M.

Butterworth Hospital brought an action in the Montcalm Circuit Court against Floyd C. Wright, III, and Farm Bureau Insurance Company, seeking payment for medical services rendered to Wright for injuries he sustained while joyriding in his mother's uninsured automobile. Farm Bureau, which had been designated by the Assigned Claims Facility to handle Wright's no-fault claim for personal protection insurance benefits under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, moved for summary disposition, arguing that § 3113(a) of the no-fault act prohibits Wright from recovering personal protection insurance benefits because he had unlawfully taken the automobile in which he sustained his injuries. The court, James K. Nichols, J., granted summary disposition for Farm Bureau. Butterworth Hospital appealed.

The Court of Appeals *held*:

1. As decided in the lead opinion in *Priesman v Meridian Mut Ins Co*, 441 Mich 60 (1992), which was signed by three justices and joined by one justice in result only, § 3113(a) does not apply to cases where, as here, the person takes a vehicle from a family member with no intent to steal but with the intent to take it for a joyride.

2. Assuming, without deciding, that Wright's actions constituted the criminal offenses of unlawfully driving away an automobile or using a motor vehicle without authority, an intent to steal the automobile is not thereby established because neither offense requires an intent to steal.

3. Assuming, without deciding, that Wright committed the criminal offenses of reckless driving, felonious driving, or operating an uninsured motor vehicle, an unlawful taking of the automobile is not established because those offenses concern the use, not the taking, of an automobile.

4. The fact that Wright, unlike the joyrider in *Priesman*, was an adult and not domiciled in his parents' household does not matter because the decision in *Priesman* was not based on the joyrider's

age or domicile but on the fact that he was a family member who merely intended to take the automobile for a joyride.

5. The fact that the vehicle in *Priesman* was insured and the claim was brought against the insurer, whereas in this case the vehicle was uninsured and the claim was filed with the Assigned Claims Facility, is not significant because the *Priesman* decision did not turn on whether the vehicle was insured.

Reversed.

HOEKSTRA, J., concurring, stated that nothing in *Priesman* requires that the joyriding exception to § 3113(a) be limited to family members; § 3113(a) precludes coverage only where the person taking the vehicle does so with the intent to steal it.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — JOYRIDING FAMILY MEMBERS.

A person who takes a family member's automobile for a joyride with no intent to steal it and sustains bodily injury in an accident involving the automobile does not unlawfully take the automobile as contemplated in the provision of the no-fault act that excludes persons who unlawfully take motor vehicles from recovery of personal protection insurance benefits for accidental bodily injury (MCL 500.3113[a]; MSA 24.13113[a]).

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Stephen R. Ryan*), for the plaintiff.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for the defendant.

Before: BANDSTRA, P.J., and HOEKSTRA and J. M. BATZER*, JJ.

BANDSTRA, P.J. Plaintiff Butterworth Hospital appeals as of right from an order granting summary disposition in favor of defendant Farm Bureau Insurance Company. We reverse.

The facts of this case involving § 3113(a) of the no-fault act, MCL 500.3113(a); MSA 24.13113(a), are undisputed. On August 16, 1993, Floyd Wright, III,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was injured while driving his mother's automobile without her permission. At the time of the accident, Wright lived in a mobile home situated approximately five hundred feet from his parents' mobile home. Several years before this accident, Wright was injured in an accident in which he sustained a head injury that led to a seizure disorder. On the basis of this disorder, his parents refused him permission to drive either of their automobiles. Nevertheless, Wright claimed that, from time to time, his mother gave him permission to drive two miles to and from the local store. It is stipulated for purposes of this appeal, however, that, on the day in question, Wright telephoned his mother at work, asked her permission to use her car, and she refused. Nevertheless, Wright took the car keys from his parents' mobile home, drove the car, and was involved in an accident in which he sustained injuries that were treated at Butterworth Hospital.

The car had been in disrepair, and Wright's parents had allowed the insurance on the car to lapse. Before this incident, the vehicle was repaired; however, the insurance was not reinstated. Pursuant to MCL 500.3172; MSA 24.13172, the Assigned Claims Facility named Farm Bureau Insurance Company to handle any no-fault claims arising from the accident. Butterworth Hospital then brought suit for unpaid medical bills for treatment to Wright for injuries arising out of the accident.

Both parties moved for summary disposition. Farm Bureau argued that MCL 500.3113(a); MSA 24.13113(a), which excludes coverage for an individual who "unlawfully" takes a vehicle, precluded coverage because Wright took the vehicle unlawfully. Butterworth argued that § 3113(a) was inapplicable

because Wright had no intent to steal the car, but only intended to joyride in it. Therefore, Butterworth argued that Wright did not "unlawfully" take the car as that term is defined in *Priesman v Meridian Mut Ins Co*, 441 Mich 60; 490 NW2d 314 (1992). Farm Bureau responded that *Priesman* did not constitute a majority opinion and, therefore, it has no precedential value. Farm Bureau further contended that the present case is distinguishable from *Priesman*. The trial court granted summary disposition in favor of Farm Bureau. The trial court distinguished *Priesman*, finding that Wright was not entitled to coverage, *not* because he was unlawfully using the vehicle, but rather, because he was not, on the date of the accident, a member of the insured's household. This appeal followed. The parties maintain the same arguments on appeal.

Section 3113(a) of the no-fault act provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had *taken unlawfully*, unless the person reasonably believed that he or she was entitled to take and use the vehicle. [MCL 500.3113(a); MSA 24.13113(a) (emphasis added).]

The phrase "taken unlawfully" is not defined in the no-fault act itself but has been interpreted in *Priesman*, a case that addressed nearly the identical issue under very similar facts.[1] Our Supreme Court consid-

---

[1] This Court has addressed § 3113(a) before; however, it has not previously defined the "taken unlawfully" language. In *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 625; 499 NW2d 423 (1993), this Court found that the driver had not unlawfully taken an automobile where he was

ered whether an underage, unlicensed driver injured while driving his mother's automobile without her knowledge or consent could recover medical benefits from the no-fault insurer of the automobile. *Priesman, supra* at 61. The Court, in the lead opinion, concluded that § 3113(a), which precludes no-fault coverage for a person who, at the time of the accident, was using a vehicle that the person had "taken unlawfully," did not apply to teenagers joyriding in their parents' automobiles. *Id.* at 68. The Court reasoned that the legislative intent could not have been to deny coverage to joyriding family members, this being such a common occurrence:

> Legislators generally are also parents and sometimes grandparents. Some may have had experience with children, grandchildren, nephews, nieces, and children of friends who have used a family vehicle without permission. Some may have themselves driven a family vehicle without permission. [*Id.*]

Accordingly, the lead opinion in *Priesman* found a "family member" joyriding exception to § 3113(a) of the no-fault act. *Id.* at 70 (GRIFFIN, J., dissenting).

While recognizing that the lead opinion in *Priesman* was signed by only three justices and, therefore, is not binding upon this Court, *Cox v Dearborn Heights*, 210 Mich App 389, 396; 534 NW2d 135 (1995), we also note that it affirmed the decision of

---

given permission to drive the automobile despite the fact that the use of the vehicle was in violation of restrictions placed on its use by its owner. See, also, *State Farm Mut Automobile Ins Co v Hawkeye-Security Ins Co*, 115 Mich App 675; 321 NW2d 769 (1982) (this Court found that § 3113[a] was inapplicable because the initial taking was not unlawful where an employee, after working hours and without permission, used a vehicle belonging to his employer for his own purposes).

our Court allowing coverage for a joyriding family member, Justice BOYLE concurring in that result. *Priesman, supra* at 69. Although the precedential value of *Priesman* is, therefore, somewhat problematic, we feel compelled to follow it. We therefore conclude that § 3113(a), which excludes coverage for an individual who unlawfully takes a vehicle, does not apply to cases where the person taking the vehicle unlawfully is a family member doing so without the intent to steal but, instead, doing so for joyriding purposes.[2] In the present case, because Wright was a family member joyriding rather than attempting to steal the car, he did not "unlawfully" take the car for purposes of § 3113(a) of the no-fault act and is thus not excluded from coverage under that provision.

Farm Bureau maintains that Wright unlawfully took the vehicle for three reasons that distinguish this case from *Priesman*. First, Wright not only took the car without the approval of the owner, but took it against the express prohibition of the owner and violated MCL 750.413; MSA 28.645 (unlawfully driving away a motor vehicle) or MCL 750.414; MSA 28.646 (use of a motor vehicle without authority but without intent to steal). However, the fact that Wright took it against the express prohibition of the owner does not raise his intent from that of borrowing, or joyriding in, the

---

[2] Notwithstanding our concurring colleague's opinion, this exception should not be extended to joyriders who take a car that is owned by a stranger or other nonfamily member. For the reasons stated by Justice GRIFFIN in his *Priesman* dissent, any joyriding exception seems to be in derogation of the clear language of the statutes. As explained above, the justices of the Supreme Court who recognized a joyriding exception in the *Priesman* case did so only because of special considerations attendant to the joyriding use of a family vehicle by a family member. Those considerations do not warrant expansion of the exception beyond the family context.

car to taking the car with the intent to steal. Even assuming that Wright's actions constituted a violation of one or both of these criminal statutes, that alone would not be sufficient to establish the intent to steal necessary to invoke the exclusion of § 3113(a) because neither of these crimes requires proof of intent to steal. *People v Laur*, 128 Mich App 453; 340 NW2d 655 (1983); *People v Davis*, 36 Mich App 164; 193 NW2d 393 (1971).

Second, Farm Bureau asserts that Wright took the vehicle unlawfully because he took it knowing that he was physically incapable of operating the vehicle safely and was not entitled to be a licensed driver. Farm Bureau argues that Wright was therefore driving recklessly in violation of MCL 257.626; MSA 9.2326 or driving feloniously under MCL 752.191; MSA 28.661. Further, Farm Bureau argues that Wright's taking of his mother's vehicle was unlawful because he knew that it was uninsured. Farm Bureau argues that Wright violated MCL 500.3102(2); MSA 24.13102(2), which makes it a misdemeanor to operate a motor vehicle on a public highway knowing that it is uninsured. Each of these arguments raises questions regarding the use of the vehicle by Wright, not the taking. However, it is the unlawful nature of the taking, not the unlawful nature of the use, that is the basis of the exclusion under § 3113(a). *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 627; 499 NW2d 423 (1993); *State Farm Mut Automobile Ins Co v Hawkeye-Security Ins Co*, 115 Mich App 675, 682; 321 NW2d 769 (1982).

Third, Farm Bureau contends that *Priesman* is distinguishable because Wright is an adult and lived apart from his parents at the time of the accident. As

noted above, the trial court distinguished *Priesman* on the basis that Wright was domiciled apart from his parents and found that Wright was therefore precluded from receiving no-fault benefits. However, the holding in *Priesman* was not based upon the fact that the driver in *Priesman* was a minor and domiciled with his parents; rather, it was based upon the fact that the driver was a family member who merely intended to joyride. *Priesman, supra* at 68. The fact that the driver in *Priesman* was the insured's son who lived at home with his parents was only relevant in determining which no-fault insurer would pay the benefits. See *Priesman, supra* at 65, n 12. See, also, MCL 500.3114; MSA 24.13114, which provides that a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, the person's spouse, and *a relative of either domiciled in the same household.*[3] Therefore, those factual differences are distinctions without legal significance.

Additionally, Farm Bureau argues that the most important distinction between *Priesman* and the present case is that in *Priesman* the vehicle was insured and the claim was brought against the vehicle's insurer, whereas in the present case the vehicle was uninsured and the claim was brought through the Assigned Claims Facility.[4] However, the fact that the

---

[3] In this case, we note that MCL 500.3172; MSA 24.13172, rather than § 3114, is applicable in determining who will pay the benefits. Subsection 3172(1) provides for payment of personal protection insurance benefits through an assigned claims plan where no personal protection insurance is applicable to the injury.

[4] Farm Bureau also points out that this distinction (that Wright was driving an uninsured vehicle) is significant to Wright's parents because if Wright is not precluded from obtaining benefits under § 3113(a), then a

joyrider in *Priesman* was insured did not appear to have any effect on the Court's holding. Rather, it seems that the Court merely mentioned that fact because it appeared that the Legislature intended that a person injured while driving a vehicle that was stolen would not be entitled to personal protection insurance benefits regardless of whether the person was insured. *Id.* at 67-68.

We reverse.

J. M. BATZER, J., concurred.

HOEKSTRA, J. (*concurring*). I agree with the majority that Wright is entitled to no-fault benefits and that the decision of the trial court denying benefits must be reversed. I write separately because I do not believe Wright's relationship to the owners of the car involved has any bearing on his right to receive the benefits at issue. Essentially, the basis of my disagreement with the majority lies in its desire to limit coverage for people joyriding to only those people related to the owners of the cars taken. I find no basis to limit the exception to the otherwise applicable statutory denial of coverage to only *family members* who joyride; rather, I would conclude that

---

judgment will enter against Farm Bureau, but will ultimately be the responsibility of Wright's parents under § 3177 of the act. This section provides that a no-fault insurer paying benefits as a result of injury to an occupant of an uninsured motor vehicle may recover such benefits from the owner of that vehicle and that failure of the owner to indemnify the no-fault carrier results not only in entry of judgment of indemnification but also loss of driving privileges. MCL 500.3177(1); MSA 24.13177(1). Farm Bureau points out that Wright's mother was not required to insure her vehicle as long as it was not operated on the highway and did all that could reasonably be expected of her to keep the vehicle from being driven by expressly prohibiting its use. While this might be a policy argument in favor of affirming the trial court's decision, this Court cannot ignore *Priesman*.

§ 3113(a)[1] of the no-fault act does not deny coverage to *anyone* who is merely joyriding. Therefore, I would hold that § 3113(a) precludes coverage only where the person taking the vehicle unlawfully does so with the intent to steal and that the provision was not intended to exclude coverage for a person injured while joyriding in an automobile.

Unlike the majority, I find nothing in *Priesman v Meridian Mut Ins Co*, 441 Mich 60; 490 NW2d 314 (1992), that indicates to me that the Court intended to limit its discussion of joyriding to only family members. Although the joyrider in *Priesman* was related to the owner of the vehicle, I believe that was merely part of the factual basis of the case and did not establish a limiting parameter for interpreting the Court's remaining discussion. I read the discussion in *Priesman*, in which the Court determined that the legislators intended to except from personal protection insurance benefits only persons injured while driving a car they intended to *steal*, to be based upon the fact that the driver merely intended to joyride without regard to his familial relationship to the owner of the vehicle involved.

---

[1] MCL 500.3113(a); MSA 24.13113(a).