MESTER v STATE FARM MUTUAL INSURANCE COMPANY

Docket No. 205442. Submitted February 2, 1999, at Lansing. Decided April 9, 1999, at 9:05 A.M.

Jessica Mester, a minor, through her mother, Belinda Mester, as next friend, brought an action in the Tuscola Circuit Court against State Farm Mutual Insurance Company, the automobile insurer of Belinda Mester. The plaintiff sought no-fault personal protection insurance benefits for injuries she sustained in an automobile accident while a passenger in a pickup truck that she and two friends had taken for a joyride. The court, Patrick R. Joslyn, J., granted summary disposition for the defendant, ruling that coverage was excluded by subsection 3113(a) of the no-fault act, MCL 500.3113(a); MSA 24.13113(a), which provides that a person is not entitled to personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was using a motor vehicle that the person had taken unlawfully, unless the person reasonably believed that the person was entitled to take and use the vehicle. The plaintiff appealed.

The Court of Appeals *held*:

Exceptions to subsection 3113(a) recognized in *Priesman v Meridian Mut Ins Co*, 441 Mich 60 (1992), for an underage and unlicensed child who takes his parent's automobile for a joyride and in *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244 (1997), for an adult family member who joyrides in the automobile of a relative not living in the joyrider's household cannot be extended beyond the family context to any joyrider in general. The Legislature clearly intended to exclude from personal protection insurance coverage a person who, like the plaintiff in this case, sustains injury while using a motor vehicle taken or driven away unlawfully but without intent to steal it.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — ACCIDENTAL BODILY INJURY — VEHICLES UNLAWFULLY TAKEN.

A person who takes unlawfully a motor vehicle and sustains accidental bodily injury while using the vehicle is not entitled to personal protection insurance benefits under the no-fault act; exceptions to this exclusion have been recognized in appellate court decisions

for an underage and unlicensed child who takes for a joyride an automobile belonging to the child's parents and for an adult family member who joyrides in the automobile of a relative not living in the joyrider's household (MCL 500.3113[a]; MSA 24.13113[a]).

*Bendure & Thomas* (by *Victor S. Valenti*) and *Thomas R. Present*, for the plaintiff.

*Collison, Collison & Zimostrad, P.C.* (by *Joseph T. Collison*), for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

FITZGERALD, P.J. Plaintiff, Jessica Mester, by her next friend, Belinda Mester, appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant State Farm Mutual Insurance Company. We affirm.

On March 24, 1995, twelve-year-old Jessica Mester skipped school in Cass City with two other girls, fourteen-year-old Amanda Smith and twelve-year-old Edelfina Nazario. The principal of the school observed the girls leaving the school grounds and chased them. The girls eluded the principal by running away on foot. Later that day, the girls began looking for a vehicle with keys in it that they could use to drive away from the Cass City area. Amanda Smith found a truck parked with keys inside and got into the driver's seat. Jessica got into the passenger seat, Edelfina got into the back seat, and Amanda drove the vehicle away.

The girls used the truck to go to the upper peninsula, stopping occasionally to purchase gas and to take turns driving the truck in a field. After running out of money, the girls used the truck to return to the lower peninsula on I-75 and headed back toward Cass

City. At approximately 1:00 A.M. on the morning of March 25, the girls were spotted in the truck by a police officer in the village of Reese. A chase ensued, and Amanda refused to pull over despite the pleas of Edelfina and Jessica for her to stop. The truck went out of control during the chase, resulting in a roll-over collision that killed Edelfina and injured Jessica and Amanda.

Jessica, through her mother, Belinda Mester, filed a complaint in May 1996 seeking to recover no-fault personal protection insurance (PIP) benefits from defendant, the insurer of Belinda's own vehicle. Defendant moved for summary disposition, arguing that subsection 3113(a) of the no-fault act, MCL 500.3113(a); MSA 24.13113(a), which excludes coverage for an individual who unlawfully takes a vehicle, precluded coverage because Jessica was involved in the unlawful taking of the vehicle. Belinda argued that Jessica was only involved in the unlawful use of the vehicle, not its taking. The trial court granted summary disposition in favor of defendant. The court found that there was no question of fact that Jessica was actively involved in unlawfully taking the truck and driving it away. Thus, the court concluded that Jessica was not eligible for no-fault PIP benefits.

Subsection 3113(a) of the no-fault act provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

Under this section, coverage for personal protection benefits will be denied if (1) a person takes a vehicle unlawfully and (2) that person did not have a reasonable basis for believing that she could take and use the vehicle. *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 626; 499 NW2d 423 (1993).

The phrase "taken unlawfully" is not defined in the no-fault act itself. The leading case interpreting the phrase "taken unlawfully" as used in subsection 3113(a) is *Priesman v Meridian Mut Ins Co*, 441 Mich 60; 490 NW2d 314 (1992). In *Priesman*, the Court considered whether an underage, unlicensed driver injured while driving his mother's automobile without her knowledge or consent could recover medical benefits from the no-fault insurer of the automobile. The Court, in the lead opinion,[1] concluded that subsection 3113(a) did not apply to underage drivers joyriding in their parents' automobiles. *Id.* at 68. The Court reasoned that the legislative intent could not have been to deny coverage to joyriding family members, this being such a common occurrence. *Id.* Accordingly, the lead opinion in *Priesman* found a "family member" joyriding exception to subsection 3113(a) of the no-fault act. In *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244; 570 NW2d 304 (1997), this Court extended *Priesman* to adult family members from another household who joyride in a relative's car without permission. Two of the judges in *Butterworth* opined, in dicta, that the *Priesman* holding should not be extended to joyriders who take a car that is owned by a stranger or other nonfamily member. The concurring judge in

---

[1] The lead opinion in *Priesman* was signed by only three justices.

*Butterworth* opined that the holding in *Priesman* should apply to anyone who is merely joyriding, not only to family members. *Id.* at 252-253 (HOEKSTRA, J., concurring). Plaintiff urges this Court to extend the *Priesman* holding to apply to anyone who is merely joyriding. This we decline to do.

An unlawful taking does not require an intent to permanently deprive the owner of the vehicle to constitute an offense. Indeed, the offense of unlawfully driving away a motor vehicle, MCL 750.413; MSA 28.645, a felony commonly referred to as "joyriding," requires an intent to take or drive the vehicle away but not to steal the vehicle. *People v Davis*, 36 Mich App 164, 165; 193 NW2d 393 (1971). The offense requires the specific intent to take possession of the vehicle unlawfully, *People v Lerma*, 66 Mich App 566, 570; 239 NW2d 424 (1976), and punishes conduct that does not rise to the level of larceny where an intent to permanently deprive the owner of the property is lacking. *Id.* at 568, 570. Had the Legislature intended to exempt from subsection 3113(a) all joyriding incidents, it would have chosen a different term than "unlawful taking," such as "steal" or "permanently deprive." Instead, the Legislature chose a term that encompasses the offense of joyriding. As explained above, the justices of the Supreme Court who recognized a joyriding exception in the *Priesman* case did so not because joyriding does not involve an unlawful taking, but only because of special considerations attendant to the joyriding use of a family vehicle by a family member. Those considerations do not warrant expansion of the exception beyond the family context.

Here, on the basis of Jessica's deposition testimony, there is no question of fact that Jessica participated in the unlawful taking of the truck, without permission and without any reason to believe that she was entitled to take or use the truck. On these undisputed facts, the clear intent of the Legislature was to deny the payment of no-fault PIP benefits. Hence, summary disposition was properly granted under MCR 2.116(C)(10).

Affirmed.