ALLEN v STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

Docket No. 253015. Submitted July 26, 2005, at Detroit. Decided October
4, 2005, at 9:05 a.m.

Heidi Allen, as conservator of the estate of Benjamin Strother,
brought an action in the Lapeer Circuit Court against State Farm
Mutual Automobile Insurance Company to recover personal pro-
tection insurance (PIP) benefits after Strother was injured in an
automobile accident. Strother and Allen resided together, but were
not related. Strother, who did not have a driver's license at the
time of the accident, was driving Allen's automobile without her
permission. State Farm insured the automobile. The court, Nick O.
Holowka, J., granted State Farm summary disposition after deter-
mining that the no-fault act, MCL 500.3101 *et seq.*, precluded
Strother's recovery of PIP benefits. Allen appealed.

The Court of Appeals *held*:

The trial court did not err by granting State Farm's motion for
summary disposition. PIP benefits will be denied under MCL
500.3113(a) if (1) a person took a vehicle unlawfully and (2) did not
have a reasonable basis for believing that he or she could take and
use the vehicle. In *Butterworth Hosp v Farm Bureau Ins Co*, 225
Mich App 244 (1997), the Court of Appeals recognized an exception
to this rule for joyriding family members who did not have an
intent to steal, but the exception does not extend to individuals
who are not family members. Strother and Allen were not legally
or biologically related. Therefore, Strother is not a family member
entitled to the benefit of the joyriding exception.

Affirmed.

KELLY, J., concurring, agreed that Strother is not a family
member of the insured as that term is used in the joyriding
exception and concurred in the result, but wrote separately to note
that the joyriding exception does not appear in the plain language
of the no-fault act and was added by the appellate courts. Although
bound by the rule in *Butterworth*, Judge KELLY disagreed with the
reasoning of that case. The plain language of MCL 500.3113(a)
does not require an intent to steal for PIP benefits to be precluded.

Thus, even if Strother were a member of Allen's family, he would be precluded from recovering PIP benefits under the plain language of the statute.

BORRELLO, P.J., dissenting, would conclude that Strother is entitled to coverage under the joyriding exception, and would reverse and remand the matter for a jury trial. Strother and Allen have two children together, and have lived with each other for nine years while sharing household responsibilities, with Strother providing all the household income. Judge BORRELLO would conclude that Strother, while not related to Allen, is nonetheless a member of her family. The definition of "family member" should not rely merely on legal formalities, but should take into account the practicalities of the involved relationships and the changing nature of the composition of families in today's society. Although not married, Strother and Allen thought of themselves as "family" and acted as a traditional family.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — JOY-
    RIDING FAMILY MEMBER EXCEPTION.

The no-fault act precludes the payment of personal protection insurance benefits if the person injured was using a motor vehicle or motorcycle that he or she had taken unlawfully and without a reasonable basis for believing that he or she could take and use the vehicle; an exception to this rule applies if the vehicle was taken by a family member who is legally or biologically related and who did not have an actual intent to steal the vehicle (MCL 500.3113[a]).

*Law Offices of Larry A. Smith* (by *Larry A. Smith*) and *Joseph R. Lobb* for the plaintiff.

*Bensinger, Cotant & Menkes, P.C.* (by *Dale L. Arndt* and *Bradley S. Bensinger*), for the defendant.

Before: BORRELLO, P.J. and BANDSTRA and KELLY, JJ.

BANDSTRA, J. In this automobile negligence action, plaintiff seeks to recover first-party no-fault personal protection insurance (PIP) benefits.[1] The trial court

---

[1] The statutory phrase is "personal protection insurance benefits," but they are also known as "first-party" or "PIP" benefits. *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998).

determined that the no-fault act, MCL 500.3101 *et seq.*, precluded Benjamin Strother's recovery of PIP benefits and granted defendant summary disposition pursuant to MCR 2.116(C)(10). Plaintiff appeals as of right, and we affirm.

The facts of this case are largely uncontested. Strother was injured while driving a car solely owned by Heidi Allen and insured by defendant. Both Strother and Allen concede that Strother did not have Allen's permission to use Allen's car, primarily because Strother lost his driver's license as a result of alcohol-related offenses. At the time of the accident, Strother and Allen were unrelated, though they resided in the same house.

The question presented to the trial court was whether Strother was entitled to recover PIP benefits from Allen's State Farm policy. MCL 500.3114 provides in relevant part:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> \* \* \*

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the vehicle occupied.

Clearly, Strother is not provided coverage under MCL 500.3114(1) because, at the time of the accident, he was

not the person named in the policy and he was not the spouse of Allen, who was the owner of the vehicle and the person named in the policy. Although domiciled in the same house, Strother was not a relative of Allen by marriage, consanguinity, or adoption. Therefore, his sole recourse for PIP benefits would be through subsection 4.

However, under MCL 500.3113, PIP benefits are precluded under certain circumstances. MCL 500.3113 provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

Under MCL 500.3113(a), PIP benefits will be denied if (1) a person took a vehicle unlawfully and (2) that person also did not have a reasonable basis for believing that he or she could take and use the vehicle. *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 626; 499 NW2d 423 (1993). Defendant moved for summary disposition on the basis that Strother was precluded under MCL 500.3113(a) from recovering PIP benefits because he took Allen's vehicle unlawfully without a reasonable belief that he was entitled to take and use it.

The term "taken unlawfully" is not defined in the statute. The leading case interpreting the phrase, as used in MCL 500.3113(a), is *Priesman v Meridian Mut Ins Co*, 441 Mich 60; 490 NW2d 314 (1992). In that case, our Supreme Court addressed whether an underage, unlicensed driver was excluded from recovering PIP benefits when he was injured after unlawfully taking his mother's vehicle. Three members of the Court

created a judicial exception to MCL 500.3113(a) for "joyriding" family members, generally, teenagers taking their parents' vehicles without permission. The three justices[2] believed that because joyriding was such a common occurrence in families, benefits should not be denied in that situation, because that was not what the Legislature presumably intended. *Priesman, supra* at 68.

This Court, in *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244, 248-249; 570 NW2d 304 (1997), recognized that *Priesman* was not binding precedent, but, nonetheless, felt compelled to follow its reasoning. This Court held that when a vehicle is taken by a family member, benefits will only be denied under MCL 500.3113(a) if there was an actual intent to steal the vehicle. *Id.* 249-250. The majority declined to accept the concurring judge's position that the exception for joyriding offenses should extend beyond family members. *Id.* at 249 n 2. Similarly, this Court specifically declined to extend the joyriding exception to individuals who are not family members in *Mester v State Farm Mut Ins Co*, 235 Mich App 84, 88; 596 NW2d 205 (1999).

There is no evidence to suggest that Strother ever intended to permanently deprive Allen of her vehicle, and his conduct could be termed "joyriding" as the exception has been discussed following *Priesman*. However, Strother is not a "family member" entitled to the joyriding exception. Neither party contends that Strother and Allen are legally or biologically related in any way. Accordingly, pursuant to *Butterworth* and *Mester*, the joyriding exception does not apply, and Strother is precluded from recovering PIP benefits under MCL 500.3113(a).

---

[2] Justice BOYLE concurred in the result only.

Notwithstanding these binding precedents, the dissent would extend the judicially created joyriding exception to unrelated adults by expansively defining the limits of a "family." The dissent contends that we are imposing, by "judicial edict," a limited definition of what a "family" is. *Post* at 354 n 1. We are not. Instead, we are acknowledging the universally accepted and common definition of a "family," i.e., people who are biologically or legally related. It is the dissent that wants to enlarge that definition by judicial edict. Any such enlargement, as it would apply to a statutory scheme like the no-fault act at issue here, is properly within the province of the people's elected legislative representatives, not the courts.

As the dissent points out, the Legislature *has* enlarged the definition of "family member" in the Mental Health Code. MCL 330.1100b(3). However, the Mental Health Code definition has nothing to do with this no-fault case, see MCL 330.1100, except to illustrate that the Legislature knows how to expand the definition of a "family member" when, for limited statutory purposes, that is considered an appropriate public policy.

In essence, the dissent concludes that the family member exception should be expanded to include nonrelatives residing in the same household who "[think] of themselves as 'family,' " despite the lack of any biological or legal relationship. *Post* at 355. However, under the Mental Health Code definition of "family member," persons need not be related, reside with each other, or even "think of themselves as 'family' " to meet that definition if a "financial support" relationship exists. MCL 330.1100b(3). Again, while such an expansive approach is what the Legislature intended for purposes of the Mental Health Code, a similar intent has not

been shown for the no-fault act. To so conclude is not to judicially impose any "social values" as the dissent charges; it is to respect the policy choices made by the people's representatives in enacted statutes. See *post* at 354 n 1.

Pursuant to *Butterworth* and *Mester*, the joyriding family member exception does not apply. Because Strother is precluded from recovering PIP benefits pursuant to MCL 500.3113(a), the trial court did not err in granting defendant's motion for summary disposition.

We affirm.

KELLY, J. *(concurring)*. I agree with the lead opinion that Benjamin Strother is not a "family member" of the insured, Heidi Allen, as that term is used in the joyriding family member exception articulated in *Priesman v Meridian Mut Ins Co*, 441 Mich 60; 490 NW2d 314 (1992), and *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244; 570 NW2d 304 (1997). However, although I concur with the result reached by the lead opinion, I write separately to note that the joyriding family member exception does not appear in the plain language of the no-fault act, MCL 500.3101 *et seq*. Rather, it was effectively inserted into the statute by the appellate courts of this state.

Under MCL 500.3113, first-party no-fault personal protection insurance (PIP) benefits[1] are precluded under certain circumstances. MCL 500.3113 provides, in relevant part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

---

[1] The statutory phrase is "personal protection insurance benefits," but they are also known as "first-party" or "PIP" benefits. *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998).

(a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

Under MCL 500.3113(a), PIP benefits will be denied if (1) a person takes a vehicle unlawfully and (2) that person also did not have a reasonable basis for believing that he or she could take and use the vehicle. *Bronson Methodist Hosp v Forshee,* 198 Mich App 617, 626; 499 NW2d 423 (1993).

Although the term "taken unlawfully" is not defined in the statute, in *Priesman,* three members of our Supreme Court created a judicial exception to MCL 500.3113(a) for "joyriding" family members, generally, teenagers taking their parents' vehicles without permission. The three justices[2] believed that because joyriding was such a common occurrence in families, benefits should not be denied in that situation, because that was not what the Legislature presumably intended. *Priesman, supra* at 68.

Dissenting Justice GRIFFIN, with Justices BRICKLEY and RILEY concurring, criticized this conclusion. After noting that "[w]hen the language of a statute is certain, clear and unambiguous, it is to be applied as written," Justice GRIFFIN stated:

> The majority departs from these principles to conclude that because legislators "generally are also parents and sometimes grandparents" and "[s]ome may have had experience with children, grandchildren, nephews, nieces, and children of friends who may have used a family vehicle without permission," they did not intend to exclude coverage in case such as this. Although such an argument may have emotional appeal, it is not supported by the language

---

[2] Justice BOYLE concurred in the result only.

of [MCL 500.3113(a)], nor by the legislative history of that provision. [*Id.* at 72-73 (citation omitted).]

Justice GRIFFIN further observed that the "proper guide for this Court's interpretation is not the general or ideal role of the family in our society, but the specific language of the statute selected by the Legislature." *Id.* at 73 n 13.

*Priesman* is not binding precedent because only three justices concurred in the reasoning of the lead opinion. Under the doctrine of stare decisis, a plurality decision —one in which a majority of the justices participating do not concur in the reasoning—is not binding precedent. *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 570 n 15; 475 NW2d 304 (1991) (opinion by LEVIN, J.); *Negri v Slotkin*, 397 Mich 105, 109-110; 244 NW2d 98 (1976); *Summers v Detroit*, 206 Mich App 46, 50; 520 NW2d 356 (1994). Nonetheless, this Court, in *Butterworth*, followed and adopted the reasoning of the lead opinion in *Priesman*. In so doing, this Court held that when a vehicle is taken by a family member, benefits will only be denied under MCL 500.3113(a) if there was an actual intent to steal the vehicle. *Butterworth, supra* at 249-250. Neither the majority opinion nor the concurring opinion discussed the fact that the Legislature deliberately chose to use the term "taken unlawfully," rather than any other term to indicate that a larcenous intent was required to preclude benefits.

Although bound by the rule of law in *Butterworth* pursuant to MCR 7.215(J)(1), I disagree with its reasoning. I do not believe there is any authority that permits this Court to limit the application of MCL 500.3113(a) only to car thefts, given the clear terms adopted by the Legislature. "Had the Legislature intended to exempt from [MCL 500.3113(a)] all joyriding incidents, it would have chosen to use a different term

than 'unlawful taking,' such as 'steal' or 'permanently deprive.' " *Mester v State Farm Mut Ins Co*, 235 Mich App 84, 88; 596 NW2d 205 (1999). As noted in *Priesman, supra* at 66-67, the Legislature refused to follow the language of the Uniform Motor Vehicle Accident Reparations Act, a model act that excluded coverage for "converters" of vehicles. The Legislature instead chose a term, "taken unlawfully," that encompasses crimes other than larceny or stealing of a motor vehicle. "The Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute must be enforced as written." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002). Courts may not rewrite the plain language of the statute and substitute their own policy decisions for those already made by the Legislature. *DiBenedetto v West Shore Hosp,* 461 Mich 394, 405; 605 NW2d 300 (2000).

An unlawful taking does not require an intent to permanently deprive the owner of the vehicle to constitute an offense. There are two crimes that involve the unlawful driving or taking of motor vehicles, but do not require the intent to steal. Both MCL 750.413 and MCL 750.414 are generically referred to as "joyriding" offenses. MCL 750.413 prohibits the unlawful driving away of an automobile; the offense "requires an intent to take or drive the vehicle away but not to steal the vehicle." *Mester, supra* at 88, citing *People v Davis*, 36 Mich App 164, 165; 193 NW2d 393 (1971). In other words, the offense requires the "specific intent to take possession of the vehicle unlawfully, . . . and punishes conduct that does not rise to the level of larceny where an intent to permanently deprive the owner of the property is lacking." *Mester, supra* at 88, citing *People v Lerma*, 66 Mich App 566, 568, 570; 239 NW2d 424

(1976). MCL 750.414 prohibits the use of an automobile without authority and without the intent to steal. *Butterworth, supra* at 249.

It is uncontested that Strother took the vehicle without permission, but without the intention to permanently deprive Allen of her vehicle. Accordingly, I believe that *even if* Strother were a member of Allen's family, he would be precluded from recovering PIP benefits pursuant to the plain language of MCL 500.3113(a). Thus, I agree with the lead opinion that the trial court did not err in granting defendant's motion for summary disposition.

BORRELLO, P.J. (*dissenting*). I dissent in this matter because I believe that Benjamin Strother is entitled to coverage under the family member joyriding exception to MCL 500.3113(a). Therefore, I would reverse the trial court's order granting summary disposition in favor of defendant on the basis of MCL 500.3113(a) and would remand for a jury trial.

This case arose out of an automobile accident in which Strother was injured. The vehicle that Strother was driving belonged to his live-in companion, Heidi Allen. The automobile was covered by a no-fault insurance policy issued by defendant. Strother was not licensed on the day of the accident, and he took the vehicle without Allen's knowledge or consent. Strother and Allen have two children together. The circumstances of their living arrangements indicate that Strother provided all the household income, and Allen was responsible for many household tasks, including paying bills.

The trial court granted summary disposition on the basis of MCL 500.3113, which provides in relevant part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

The phrase "taken unlawfully" is not defined in the no-fault act itself. *Landon v Titan Ins Co*, 251 Mich App 633, 638; 651 NW2d 93 (2002). In *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244, 245-246; 570 NW2d 304 (1997), the injured party was the car owner's son, who lived in a separate house and took the vehicle in violation of the owner's express refusal to permit him to do so. The trial court concluded that the injured party was not entitled to coverage because he was not a member of the owner's household. *Id.* at 247. We reversed on the ground that the injured party had not intended to steal the car, but only to joyride in it contrary to MCL 750.413, and our Supreme Court had "found a 'family member' joyriding exception to [MCL 500.3113(a)]." *Butterworth Hosp, supra* at 248, citing *Priesman v Meridian Mut Ins Co*, 441 Mich 60, 70; 490 NW2d 314 (1992) (GRIFFIN, J., dissenting). Thus, because the injured party was the insured's son, he could not have taken the vehicle "unlawfully" within the meaning of MCL 500.3113(a). *Butterworth Hosp, supra* at 249. In *Mester v State Farm Mut Ins Co*, 235 Mich App 84, 87; 596 NW2d 205 (1999), we observed that in *Butterworth Hosp*, we had extended the family member joyriding exception to MCL 500.3113(a) to adult family members from another household who joyride in a relative's car without permission; however, we declined to extend the family member joyriding exception to all joyriders. *Mester, supra* at 88.

Thus, the controlling issue in this case is whether Strother and Allen are "family members" within the meaning of the exception to MCL 500.3113(a). In contrast to the majority's holding in this case, I would conclude that they are family members. This Court has previously recognized that "the reality of the nature of families existing in today's society" precludes restricting the definition of "family" to "include only persons related by consanguinity." *Youngblood v DEC Properties*, 204 Mich App 581, 583; 516 NW2d 119 (1994). Rather, "the relevance of 'family' does not pertain to blood or lineage, but rather to members of a household . . . ." *Id.* In addition, the definition of "family member" contained in the Mental Health Code, MCL 330.1001 *et seq.*, also suggests that the Legislature would recognize Strother and Allen as family members. MCL 330.1100b(3) provides that a "[f]amily member means a parent, stepparent, spouse, sibling, child, or grandparent of a primary consumer, or an individual upon whom a primary consumer is dependent for at least 50% of his or her financial support." Contrary to the majority's assertion that MCL 330.1100b(3) is inapplicable to the facts of this case, I find that it is instructive regarding the Legislature's views regarding the definition of "family."[1]

---

[1] In response to the majority's contention that my view would expand coverage to "unrelated adults," *ante* at 347, I would respond that perhaps the majority should consider a more expansive definition of what constitutes a "family member" to more accurately reflect the myriad types of families that actually exist in society today. The majority seems content to narrowly define the term "family member" by judicial edict in a manner that comports with its social values, with no consideration or recognition of the fact that families are created by more than blood. Furthermore, the majority seems reluctant to consider a legislative definition of the term "family member" that is contrary to its restrictive construction of what a family should be. MCL 330.1100b(3), while not controlling on this issue in this case, provides sound legislative guidance

Although *Youngblood* was concerned with the service of a notice, it is consistent with the definition in MCL 330.1100b(3), which suggests a definition of "family" that is more expansive than merely the traditional "nuclear" family, or even persons related solely by blood or legal formalities. Moreover, in *Youngblood*, this Court was concerned with whether serving a member of a person's household would likely result in actually notifying the proper person. *Youngblood*, *supra* at 582-583. *Youngblood* and the definition of "family member" in MCL 330.1100b(3) both suggest that any inquiry into whether a given individual is a family member must not rely merely on legal formalities, but must take into account the practicalities of the involved relationships and the changing nature of the composition of families in today's society.

Although Strother and Allen were not married, they thought of themselves as "family" and acted as a traditional family. They raised two children together and lived with each other while sharing household responsibilities for nine years. Their testimony showed that Allen was financially dependent on Strother, while Strother depended on Allen to do such household tasks as paying the bills. Under the circumstances, the practicalities of their situation mandate the conclusion that they are family members. Therefore, I would reverse the decision of the trial court and allow the matter to proceed to trial.

---

regarding the emerging definition of "family member" in contemporary society. At the very least, I believe this Court should consider how the Legislature has defined the term, even if the statute defining it is not directly applicable to the facts of this case.