PROGRESSIVE TIMBERLANDS, INC v R & R HEAVY HAULERS, INC

Docket No. 217898. Submitted June 6, 2000, at Lansing. Decided November 28, 2000, at 9:10 A.M.

Progressive Timberlands, Inc., brought an action in the Washtenaw Circuit Court against R & R Heavy Haulers, Inc., and Rodney B. Burrell, alleging conversion with respect to the defendants' refusal to return a saw the plaintiff had hired them to transport. The court, Donald E. Shelton, J., granted summary disposition for the defendants, ruling that they possessed a valid carrier's lien pursuant to MCL 440.7307(1); MSA 19.7307(1). The plaintiff appealed.

The Court of Appeals *held*:

1. Under MCL 440.7307(1); MSA 19.7307(1), a carrier has a lien on the goods covered by a bill of lading for charges after the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law. The statute does not create a lien against presently transported goods for unpaid charges for other goods shipped in the past. If a carrier attempts to assert a carrier's lien for past due charges, it may be held liable for conversion even if it also asserts a lien for present transportation charges. In this case, the trial court erred in granting summary disposition for the defendants in view of the existence of a genuine issue of material fact regarding whether the defendants held the saw pending the plaintiff's payment of outstanding invoices for prior transport of other items.

2. In addition to asserting a carrier's lien, the defendants also claimed that they held the saw pursuant to an agreement with the plaintiff that the saw would serve as security for payment of the outstanding invoices. Summary disposition should not have been granted for the defendants inasmuch as the plaintiff created a genuine issue of material fact by denying the existence of such an agreement.

3. The plaintiff's argument that the appropriate disposition of its partial payment to the defendants was a question that should be decided at trial did not create a question of fact that would preclude summary disposition. In a sworn affidavit, the plaintiff had

alleged that its partial payment was tendered to satisfy preexisting debt. The plaintiff therefore could not subsequently create an issue of fact by arguing that the question whether a portion of this payment should have been applied toward current transportation charges should be decided at trial.

4. The plaintiff's argument that a carrier's lien was not created because the defendants failed to issue a bill of lading until after it had retained the saw for several weeks is without merit. MCL 440.7307(1); MSA 19.7307(1) does not provide a time frame for the issuance of a bill of lading. MCL 440.1201(6); MSA 19.1201(6) defines "bill of lading" as a "document evidencing receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods." Here, the defendants submitted to the trial court an invoice for the current transportation charges that purportedly was prepared on the day of shipping or the day after.

Reversed and remanded for further proceedings.

CARRIERS — CARRIER'S LIEN — PRIOR DEBT — CONVERSION.

A carrier may not assert a lien on presently transported goods for a prior debt; if a carrier attempts to assert a carrier's lien for past due charges, it may be held liable for conversion even if it also asserts a lien for present transportation charges (MCL 440.7307[1]; MSA 19.7307[1]).

*William L. Hoey*, for the plaintiff.

*Donald L. Samhat*, for the defendants.

Before: METER, P.J., and GRIFFIN and TALBOT, JJ.

METER, P.J. Plaintiff Progressive Timberlands, Inc., appeals as of right from an order granting summary disposition to defendants in this carrier's lien case. We reverse and remand.

In September 1998, plaintiff hired defendant R & R Heavy Haulers, Inc., (R & R) to move three pieces of equipment between two locations where plaintiff was clearing land. R & R took possession of the items but failed to deliver them as agreed. Plaintiff contended that defendant Rodney Burrell, an employee and principal of R & R, informed plaintiff that R & R was

retaining the equipment because of outstanding invoices that were overdue for delivery services previously rendered to plaintiff by R & R.

Plaintiff made a partial payment on the outstanding invoices, after which defendants returned two pieces of equipment to plaintiff but retained the third piece, a "bunching saw" that plaintiff claims was essential to the operation of its business. In November 1998, when defendants had still not returned the saw, plaintiff sued defendants, alleging conversion and seeking both the return of the saw and damages for lost use of it. In response, defendants contended that under MCL 440.7307(1); MSA 19.7307(1), R & R was properly holding the saw under a carrier's lien for $195, the amount plaintiff owed defendant for transporting the three pieces of equipment. Defendants denied that Burrell told plaintiff that R & R was retaining the equipment against plaintiff's will because of unpaid prior debt. Additionally, defendants alleged rightful possession of the saw as a result of an agreement with plaintiff that the saw would remain with R & R until the resolution of ongoing negotiations regarding the remaining unpaid debt.

The trial court ruled that defendants possessed a valid lien on the equipment for $195 and ordered the return of the saw to plaintiff upon payment by plaintiff of the $195. Subsequently, during the hearing on defendants' motion for summary disposition, the trial court dismissed plaintiff's complaint, indicating that because defendants had held a valid lien on the property, no conversion occurred.

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because factual issues remained in dispute concern-

ing whether defendants lawfully retained plaintiff's equipment. We agree. We review de novo a trial court's decision to grant summary disposition. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340; 573 NW2d 637 (1997). Here, although the trial court did not specify on which subsection of MCR 2.116(C) it relied in granting defendants' motion for summary disposition, it appears that its ruling was based on MCR 2.116(C)(10)—plaintiff's failure to establish a genuine issue of material fact. When reviewing a motion granted under MCR 2.116(C)(10), we must examine all relevant documentary evidence in the light most favorable to the nonmoving party and determine whether there exists a genuine issue of material fact on which reasonable minds could differ. *Nesbitt v American Community Mut Ins Co*, 236 Mich App 215, 219-220; 600 NW2d 427 (1999). The nonmoving party may not rest on its pleadings but must demonstrate a factual issue using documentary evidence. MCR 2.116(G)(4); see also *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999).

Under MCL 440.7307(1); MSA 19.7307(1), part of Michigan's version of the Uniform Commercial Code, a carrier's lien for transportation and storage charges is inherent in any agreement to ship goods under a bill of lading:

> A carrier has a lien on the goods covered by a bill of lading for charges subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law.

The lien created against such goods under this section is lost at such time as the carrier "voluntarily

delivers" or "unjustifiably refuses to deliver" such goods. MCL 440.7307(3); MSA 19.7307(3).

As previously noted, plaintiff alleged below, through sworn affidavits, that at the time of their initial refusal to deliver the saw, defendants did not indicate that they were asserting a statutory lien for the $195 due on the most recent transport of the saw, but rather demanded full payment of all past invoices as the sole condition for the release of the items. While there appears to be no Michigan authority directly addressing the issue, other jurisdictions interpreting statutes similar to MCL 440.7307; MSA 19.7307 have held that there can be no lien on presently transported goods for prior debt and that any such assertion constitutes an unjustifiable refusal to deliver the goods and essentially waives the statutory lien on presently held goods.

In *Car Transportation v Garden Spot Distributors*, 305 Ark 82, 84; 805 SW2d 632 (1991), the defendant trucking company agreed to transport food products from California to the East Coast. During the transport of these goods, the truck broke down in Arkansas, where the carrier discovered that the sellers of the goods owed it more than $9,000 for previous trucking services. *Id.* As a result, the carrier demanded payment of $15,000 with which to repair the truck and complete delivery. *Id.* Upon the sellers' refusal to pay this amount, the carrier refused to deliver the goods and placed them in storage in Arkansas. *Id.* The goods' buyers, who had paid the sellers in advance, demanded the goods from the carrier but were refused. *Id.* Thereafter, the buyers brought suit against the carrier for conversion and were subsequently awarded damages. *Id.* On appeal,

the carrier argued that it could not be held liable for conversion because, pursuant to a statute identical to MCL 440.7307(1); MSA 19.7307(1), it legitimately had the right to assert a lien against the goods shipped for a debt due from the sellers for past services. *Car Transportation, supra* at 86.

In addressing this argument, the Arkansas Supreme Court held that the carrier had no lien on the goods under the proffered statute because "a lien on presently transported goods for a prior debt is not contemplated under the Uniform Commercial Code." *Id.* Thus, the court reasoned, "[i]f a lien defense is available to the motor carrier, it can only be asserted against currently transported goods ·for freight charges that remain unpaid." *Id.* See also *Miller v Economics Laboratory, Inc*, 410 So 2d 642 (Fla App, 1982) (holding that no carrier's lien existed under the state UCC for past due charges).

In *McQuillan v Mercedes-Benz Credit Corp*, 331 Ark 242, 248; 961 SW2d 729 (1998), the carrier withheld delivery of certain items until the plaintiff paid both all unpaid past debt *and* current transportation charges. The appeals court ruled that even if a statutory lien existed for current transportation charges (under a statute materially identical to MCL 440.7307[1]; MSA 19.7307[1]), the carrier could nonetheless be held liable for conversion if it attempted to secure payment of unpaid past debt, in addition to current transportation charges, by withholding delivery of the goods. *McQuillan, supra* at 248-252.

These cases indicate that (1) statutes analogous to MCL 440.7307(1); MSA 19.7307(1) do not create a carrier's lien for past due charges; and (2) if a carrier attempts to assert a carrier's lien .for past due

charges, it may be held liable for conversion *even if* it also asserts a lien for present transportation charges. We agree with these holdings and hereby incorporate them into Michigan law.

Here, the evidence conflicted regarding whether defendants retained plaintiff's saw in an attempt to secure the payment of unpaid prior debt. Plaintiff contended that defendants did indeed do so, whereas defendants contended that they sought merely to enforce a lien for the current charges. Accordingly, there existed a genuine issue of material fact regarding whether defendants were liable for conversion.

We note that in addition to asserting a valid carrier's lien under MCL 440.7307(1); MSA 19.7307(1), defendants alternatively contended that they were holding the saw pursuant to an agreement between the parties that the saw would serve as security for payment on the remainder of plaintiff's unpaid invoices. While there is no statutory impediment to the creation or enforcement of such an agreement, see MCL 440.1102(3); MSA 19.1102(3), plaintiff denied that such an agreement was ever made, thereby creating an additional fact question concerning defendants' right to retain the disputed goods and thus precluding summary disposition under MCR 2.116(C)(10).

Next, plaintiff argues that a question of fact existed concerning the appropriate disposition of its partial payment to R & R of $4,775 and that the granting of summary disposition was therefore improper. More specifically, plaintiff argues that whether a portion of this payment should have been applied to any carrier's lien defendants may have possessed for current transportation charges was a question of fact to be determined at trial. We disagree. Plaintiff failed to

offer any documentary evidence to establish that any portion of the $4,775 payment was intended to apply to a lien for current transportation charges. In fact, in its motion for reconsideration filed shortly after entry of the trial court's order to release the saw upon payment of $195, plaintiff alleged through a sworn affidavit that the $4,775 payment was tendered to satisfy preexisting debt. Therefore, inasmuch as a party may not create issues of fact through contradiction of that party's prior sworn statements, we reject plaintiff's contention in this regard. See, e.g., *Schultz v Auto-Owners Ins Co*, 212 Mich App 199, 202; 536 NW2d 784 (1995).

Next, plaintiff argues that R & R failed to issue a bill of lading until after it had retained the saw for several weeks and that the granting of summary disposition was therefore improper. Plaintiff argues that R & R's failure to issue a bill precluded the existence of a valid statutory lien purportedly justifying the retention of the saw under MCL 440.7307(1); MSA 19.7307(1), which indicates that "[a] carrier has a lien on the goods covered by a bill of lading for charges incurred subsequent to the date of its receipt of the goods . . . ." This issue was not raised below and thus is not properly before this Court. Accordingly, we decline to review it. *Executone Business Systems Corp v IPC Communications, Inc*, 177 Mich App 660, 671; 442 NW2d 755 (1989). Even if we *were* to review this issue, we would find no merit in plaintiff's argument. MSA 440.7307(1); MSA 19.7307(1) provides that a carrier will have a lien on goods "covered by a bill of lading" and does not provide a time frame for the issuance of the bill. Moreover, MCL 440.1201(6); MSA 19.1201(6) defines a "bill of lading" simply as a "docu-

ment evidencing receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods." Here, defendants submitted to the trial court an invoice for the current transportation charges that purported to have been prepared on either the day of shipping or the day after, and plaintiff offers no authority to support its contention that because the invoice was not presented to it until after defendants' receipt and retention of the goods, no lien under MCL 440.1201(6); MSA 19.1201(6) was possible.

Given our decision to reverse the trial court's grant of summary disposition to defendants, we need not address plaintiff's final, unpreserved argument that the trial court prematurely granted summary disposition before the close of discovery.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.