AMERISURE INSURANCE COMPANY v PLUMB

Docket No. 276384. Submitted June 3, 2008, at Detroit. Decided February 10, 2009, at 9:05 a.m. Leave to appeal sought.

Amerisure Insurance Company brought an action in the Tuscola Circuit Court against Rae L. Plumb and State Farm Mutual Automobile Insurance Company, seeking a declaration that, under MCL 500.3113(a), Plumb was not entitled to personal protection insurance (PIP) benefits because she had taken an automobile unlawfully and did not have a reasonable belief that she was entitled to take and use it. David Shelton had entered into an agreement to purchase the automobile, but he was not the titled owner and maintained no insurance on it. State Farm was the titled owner's insurer. Shelton had left the automobile in the parking lot of a bar and later discovered that it was missing. Plumb was subsequently found severely injured some distance from the automobile in a nearby field. Neither Shelton nor the titled owner had given Plumb the keys to the car or permission to drive it. Plumb, who was uninsured and had a suspended driver's license, remembered no details about the accident, but claimed that an unidentified man had given her the keys and asked her to drive because he was on probation. Seeking PIP benefits, Plumb had applied to the Michigan Assigned Claims Facility, which assigned the claim to Amerisure. The court, Patrick R. Joslyn, J., granted Amerisure summary disposition. Plumb appealed.

The Court of Appeals *held*:

1. MCL 500.3113(a) precludes PIP benefits if a motor vehicle was taken unlawfully and the person who took it lacked a reasonable basis for believing that he or she could take and use it. If the taking was lawful, MCL 500.3113(a) does not apply.

2. There is no genuine issue of material fact that Plumb unlawfully took the automobile. While prior caselaw has established a joyriding exception to MCL 500.3113(a) for family members who take a motor vehicle without permission but lack an actual intent to steal it, the exception has not been extended to persons who are not family members.

3. In the case of a motor vehicle taken unlawfully, the injured party may receive PIP benefits only if it can be shown (1) that the

injured party reasonably believed that he or she was entitled to take the vehicle and (2) that the injured party reasonably believed that he or she was entitled to use it.

4. Plumb consistently provided one explanation regarding how she came to drive the automobile: an unidentified man gave her the keys and asked her to drive. Under the circumstances, there was no reason for her to doubt that he owned the automobile and that she was entitled to take it. The trial court erred by weighing credibility and making impermissible findings regarding this issue.

5. Plumb's blood alcohol level was well above the legal limit established by MCL 257.625(1)(b). She also admitted that, when she got in the automobile, she knew that she could not legally drive because of her suspended license. Therefore, she was not able to legally use the automobile. Even given the question of fact regarding whether she reasonably believed that she was entitled to take the automobile, she could not have reasonably believed that she was entitled to use it when she knew that she was unable to legally operate it. The trial court properly granted Amerisure summary disposition.

Affirmed.

O'CONNELL, J., concurring in part and dissenting in part, agreed that MCL 500.3113(a) applied to the facts of the case, that no genuine issue of material fact existed regarding Plumb's unlawful taking, and that a genuine issue of material fact existed regarding Plumb's reasonable belief that she was entitled to take the automobile. He disagreed, however, with the majority's conclusion that the use of the motor vehicle must be legal in order for a person to be eligible for PIP benefits. The statute does not require that a person must legally operate the vehicle in order to reasonably believe that he or she is entitled to use it. A question of fact existed concerning whether Plumb reasonably believed that she was entitled to take and use the vehicle. The case should be reversed and remanded for further proceedings.

INSURANCE — NO FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — MOTOR VEHICLES — UNLAWFUL TAKING OF A MOTOR VEHICLE — BELIEF OF ENTITLEMENT TO TAKE AND USE A MOTOR VEHICLE.

A person is not entitled to personal protection insurance benefits for accidental bodily injury if the person was using a motor vehicle that he or she had taken unlawfully unless it can be shown (1) that the person reasonably believed that he or she was entitled to take the vehicle and (2) that the person reasonably believed that he or she was entitled to use it; a person cannot reasonably believe that

he or she is entitled to use a motor vehicle when the person knows that he or she is unable to legally operate it (MCL 500.3113[a]).

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Amerisure Insurance Company.

*Skupin & Lucas, P.C.* (by *Joseph F. Lucas*), for Rae L. Plumb.

*Bensinger, Cotant & Menkes, P.C.* (by *Dale L. Arndt*), for State Farm Mutual Automobile Insurance Company.

Before: WHITBECK, P.J., and O'CONNELL and K. F. KELLY, JJ.

K. F. KELLY, J. In this no-fault insurance case, defendant/cross-defendant/counterplaintiff/cross-plaintiff Rae Louise Plumb appeals[1] the trial court's order granting summary disposition in favor of plaintiff/counterdefendant Amerisure Insurance Company, and the order denying Plumb's motion for reconsideration,

---

[1] State Farm Mutual Automobile Insurance Company challenges this Court's jurisdiction of this appeal pursuant to MCR 7.203(A). State Farm claims that the January 17, 2007, order granting Amerisure Insurance Company summary disposition and the February 5, 2007, order denying Plumb reconsideration are not final orders within the meaning of MCR 7.202(6). State Farm further asserts that, because Plumb has not claimed an appeal of the March 5, 2007, order of judgment, which it contends is the final order, this Court is without jurisdiction and the time for filing a claim has expired. Although the trial court never specifically addressed State Farm's cross-claim against Plumb or Amerisure's claim against State Farm, it is clear that these claims were resolved when the trial court concluded that Plumb was not entitled to personal protection insurance benefits pursuant to MCL 500.3113(a). To the extent that these orders are not final orders pursuant to MCR 7.202(6) and there may be remaining, unresolved issues, we exercise our discretion to treat Plumb's appeal as an application for leave to appeal and grant such an appeal, assuming jurisdiction pursuant to MCR 7.203(B)(1). See *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998).

which ultimately denied Plumb personal protection insurance (PIP)[2] benefits. The issue raised on appeal requires us to determine the requisite showing a claimant must make under MCL 500.3113(a) in order to obtain PIP benefits. We affirm and hold that § 3113(a) precludes PIP benefits when a motor vehicle is (1) taken unlawfully and the claimant has failed to show (2) that the claimant reasonably believed that he or she was entitled to "take" the vehicle and (3) that the claimant reasonably believed that he or she was entitled to "use" the vehicle.

## I. BASIC FACTS AND PROCEEDINGS

Plumb arrived at a bar near Caro, Michigan, about 11:30 p.m. one evening, socializing and consuming alcohol with several men. A couple of hours later, David Shelton drove a Jeep Cherokee to the same bar and parked it in the parking lot. Shelton did not maintain insurance on the Jeep, and although he had entered into an agreement to purchase the Jeep several months earlier, he was not the titled owner. Shelton left his keys in the Jeep, and he did not usually lock his car doors. Plumb and Shelton did not know one another, and during the time they were both in the bar, they never spoke to one another. Shelton did not give Plumb the keys or permission to drive the Jeep, and she did not receive the keys or permission from the titled owner. Plumb left the bar with two men, one of whom she described as Caucasian and wearing a baseball cap and a goatee. Plumb claimed that the unidentified man with the baseball cap and goatee handed her the keys to the

---

[2] While MCL 500.3101 *et seq.* uses the phrase "personal protection insurance benefits," these benefits are commonly known as "PIP" benefits. See *Allen v State Farm Mut Automobile Ins Co,* 268 Mich App 342, 343 n 1; 708 NW2d 131 (2005) (BANDSTRA, J.).

Jeep and asked her to drive because he was on probation. Plumb, who did not maintain automobile insurance and did not reside with a relative who carried automobile insurance, was intoxicated, and her driver's license had been suspended. Shelton left the bar shortly after Plumb and discovered that the Jeep was missing.

Later that morning, Plumb was found lying in a field near the bar, having sustained severe burn injuries. In a deep drainage ditch about 250 yards away from Plumb, the police found Shelton's Jeep, which had been totally consumed by fire. Plumb suffers from a closed-head injury and posttraumatic stress disorder and does not recall all the events leading up to the accident or the accident itself. The police determined that the Jeep had been driven away from the bar across a mowed field and an unmowed hayfield, struck an electric transformer, and ultimately crashed into the drainage ditch. In the mowed field near the parking lot, there were several other sets of tire tracks. The police concluded that Plumb had been driving the Jeep and was its sole occupant.

Defendant/cross-plaintiff/cross-defendant State Farm Mutual Automobile Insurance Company insured the titled owner of the Jeep on the date of the accident. Plumb submitted an application to the Michigan Assigned Claims Facility (MACF), seeking PIP benefits under the no-fault act, MCL 500.3101 *et seq.* Pursuant to MCL 500.3172, the MACF assigned Plumb's PIP claim to Amerisure. Amerisure filed a complaint against Plumb and State Farm, seeking a declaratory judgment that Plumb was not entitled to PIP benefits pursuant to MCL 500.3113(a) when the Jeep was taken unlawfully and when Plumb did not have a reasonable belief that "she was entitled to take and use the vehicle." It further asserted that State Farm was a higher priority insurer than Amerisure pursuant to

MCL 500.3114(4)(a). State Farm filed a cross-claim against Plumb, also seeking a declaration that Plumb was not entitled to PIP benefits pursuant to § 3113(a). Plumb filed a counterclaim against Amerisure and a cross-claim against State Farm, claiming that they had both wrongfully denied her PIP benefits.

Amerisure moved for summary disposition of its claim against Plumb pursuant to MCR 2.116(C)(10), claiming that she was not entitled to PIP benefits. Amerisure argued that § 3113(a) precluded benefits because there was no genuine issue of material fact that Plumb had unlawfully taken the Jeep without a reasonable belief that she was entitled to take and use it. In reply, Plumb requested summary disposition, arguing that she had not taken the Jeep unlawfully and that she had reasonably believed that she was entitled to take the Jeep. Amerisure and State Farm both requested summary disposition of Amerisure's claim against State Farm, raising arguments regarding whether State Farm's insured, the titled owner, had an ownership interest in the Jeep at the time of the accident and whether State Farm was a higher priority insurer than Amerisure. State Farm also adopted Amerisure's arguments with respect to § 3113(a) and requested summary disposition of Plumb's cross-claim against State Farm. The trial court granted Amerisure summary disposition, concluding that MCL 500.3113(a) applied and that Plumb was not entitled to PIP benefits because she had unlawfully taken the vehicle. The trial court also ruled that Plumb had presented mere conjecture and speculation with respect to how she received permission to drive the Jeep and that Plumb had not had a reasonable belief that she was entitled to take and use the Jeep.

Plumb moved for reconsideration, asserting that the trial court had engaged in improper fact-finding regard-

ing whether she had been given the keys to the Jeep. On reconsideration, the trial court held that, even assuming Plumb had permission to drive the Jeep, she was not entitled to drive it because she did not have a driver's license and was intoxicated. Accordingly, the trial court held that Plumb was not entitled to PIP benefits. The trial court subsequently entered a judgment dismissing Plumb's cross-claim against State Farm and her counterclaim against Amerisure.

On appeal, Plumb argues that the trial court erred in granting summary disposition because it engaged in impermissible fact-finding and erroneously construed MCL 500.3113(a). We agree that the trial court engaged in impermissible fact-finding and that there was a genuine issue of material fact regarding whether Plumb reasonably believed that she was entitled to take the Jeep. However, we affirm the trial court's order granting summary disposition because there is no genuine issue of material fact that Plumb did not have a reasonable belief that she was entitled to "use" the Jeep, within the meaning of § 3113(a).

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "We review a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. We also view all legitimate inferences in the light most favorable to the nonmoving party. *Houdek v Centerville Twp*, 276 Mich App 568, 572-573; 741 NW2d 587 (2007). Summary disposition under MCR 2.116(C)(10) is properly granted when "[e]xcept as to the amount of damages, there is no

genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when, giving the benefit of reasonable doubt to the opposing party, the record leaves open an issue on which reasonable minds could differ." *Houdek, supra* at 573. We review for an abuse of discretion the trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC,* 277 Mich App 622, 629; 750 NW2d 228 (2008).

Further, we review de novo questions of statutory interpretation. *Echelon Homes, LLC v Carter Lumber Co,* 472 Mich 192, 196; 694 NW2d 544 (2005). When construing a statute, "our purpose is to discern and give effect to the Legislature's intent." *Id.* We must first examine the plain language of the statute, and if it is unambiguous, "we presume that the Legislature intended the meaning clearly expressed . . . ." *Id.* (quotation marks and citation omitted). If the statutory language is unambiguous, we must enforce the statute as written, and no further construction is permitted. *Id.* In construing the no-fault act in particular, we are mindful that it "is remedial in nature and must be liberally construed in favor of the persons intended to benefit from it." *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 28; 528 NW2d 681 (1995).

We review for an abuse of discretion a trial court's ruling on a motion for reconsideration. *Woods, supra* at 629. "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo,* 478 Mich 151, 158; 732 NW2d 472 (2007).

### III. STATUTORY SCHEME

MCL 500.3113 precludes PIP benefits under certain circumstances, and it provides, in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was using a motor vehicle or motorcycle which he or she had *taken unlawfully*, unless the person *reasonably believed that he or she was entitled to take and use the vehicle*. [Emphasis added.]

Thus, PIP benefits will be denied if the taking of the vehicle was unlawful and the person who took the vehicle lacked "a reasonable basis for believing that he [or she] could take and use the vehicle." *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 626; 499 NW2d 423 (1993). When applying § 3113(a), the first level of inquiry will always be whether the taking of the vehicle was unlawful. If the taking was lawful, the inquiry ends because § 3113(a) does not apply.

A. UNLAWFUL TAKING

As this Court has previously observed, the phrase "taken unlawfully" is not defined in the no-fault act. *Landon v Titan Ins Co*, 251 Mich App 633, 638; 651 NW2d 93 (2002). In *Priesman v Meridian Mut Ins Co*, 441 Mich 60, 62, 68; 490 NW2d 314 (1992) (LEVIN, J.), our Supreme Court considered the phrase "taken unlawfully" without defining it and determined that a vehicle had not been unlawfully taken when a 14-year-old boy took his mother's vehicle without her permission. While the lead opinion in *Priesman* was not binding because only three justices signed it, this Court adopted its reasoning in *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244, 245-249; 570 NW2d 304 (1997), and extended this judicially created " 'family member' joyriding exception" to an adult family member who lived in a separate residence from his

parents.[3] The Court held that PIP benefits should only be denied if the family member had an actual intent to steal the vehicle. *Id.* at 249. The *Butterworth* Court rejected an argument that the driver had taken the vehicle unlawfully because he was physically incapable of safely operating a vehicle and was not eligible to obtain a driver's license. *Id.* The Court stated, "[I]t is the unlawful nature of the taking, not the unlawful nature of the use, that is the basis of the exclusion under § 3113(a)." *Id.* at 250. The Court held that no unlawful taking had occurred within the meaning of § 3113(a). *Id.* at 249. However, this Court has declined to extend the joyriding exception to nonfamily members. *Mester v State Farm Mut Ins Co*, 235 Mich App 84, 88; 596 NW2d 205 (1999); *Allen v State Farm Mut Automobile Ins Co*, 268 Mich App 342, 346; 708 NW2d 131 (2005) (BANDSTRA, J.).

In this case, given that Shelton had possession of the Jeep, had been using it for more than 30 days, and had entered into an arrangement to make payments on the Jeep, he is considered an "owner" of the vehicle for purposes of the no-fault act. MCL 500.3101(2)(g)(*i*) and (*iii*). Shelton never gave the keys or permission to drive the Jeep to anyone that night. Although Plumb asserted that she received the keys from the unidentified man, there is no evidence that she received them from Shelton or the titled owner or otherwise had permission to take the Jeep and, accordingly, there is no material

---

[3] An exemption for joyriding family members does not appear in § 3113(a) or anywhere else in the no-fault act and is inconsistent with the plain language of the statute. This Court recently declared a conflict with *Butterworth* in *Roberts v Titan Ins Co*, 281 Mich App 551, 574; 2008 WL 5105160 (2008). However, this Court declined to convene a conflict panel, 281 Mich App 801 (2008), and, accordingly, *Butterworth* remains precedentially binding. We believe that this so-called joyriding exception is worthy of reexamination by our Supreme Court.

question of fact that Plumb lacked Shelton's consent or implied consent to take the Jeep. Nor is there any evidence to suggest that Plumb had an intent to permanently deprive Shelton of the Jeep, and thus her conduct could be considered joyriding. *Mester, supra* at 88. However, given that Plumb and Shelton are not family members, the joyriding exception is unavailable. *Id.; Allen, supra* at 346 (BANDSTRA, J.). Therefore, there is no genuine issue of material fact that Plumb unlawfully took the Jeep, and § 3113(a) applies.

B. REASONABLE BELIEF OF ENTITLEMENT TO "TAKE AND USE"

Having concluded that Plumb unlawfully took the Jeep, the next step in our analysis is to determine whether Plumb "reasonably believed that . . . she was entitled to *take and use* the vehicle." MCL 500.3113(a) (emphasis added). We note at the outset that no case has specifically construed the meaning of this particular clause of the statute because the circumstances presented in the cases applying § 3113(a) did not require this Court to address it.[4] Because the unlawful taking in

---

[4] A review of relevant caselaw shows that once a court has found an unlawful taking, it treats the unlawful taking, without any analysis, as subsuming any legitimate claim that the claimant reasonably believed that he or she was entitled to take and use the vehicle. It appears that the facts of these cases, unlike those of the case at bar, have compelled such a conclusion, i.e., under those circumstances an unlawful taking also equated with a lack of reasonable belief that one is entitled to take and use a vehicle, and this appears to be the reason why courts have not separately construed the meaning of the "take and use" clause in § 3113(a). For example, in *Mester, supra* at 88, the claimant and two other girls, all under the age of 15, found a parked truck with keys in it and decided to take it. The Court denied the claimant PIP benefits because she "participated in the unlawful taking of the truck, without permission and without any reason to believe that she was entitled to take or use the truck." *Id.* at 89; see also *Allen, supra* at 344-347 (concluding, when a non-family-member driver took another's vehicle without permission, that the taking was unlawful, thereby precluding PIP benefits, without

this case does not also defeat any legitimate claim that Plumb "reasonably believed that . . . she was entitled to take and use the vehicle," MCL 500.3113(a), we now find it necessary to address the meaning of the "take and use" clause in § 3113(a). In doing so, we are required to give the words of the statute their plain and ordinary meaning, which may be determined through dictionary definitions. *Echelon Homes*, *supra* at 196.

*Random House Webster's College Dictionary* (1997) defines the word "take" as "to get into one's hands or possession by voluntary action" and the word "use" as "to employ for some purpose; put into service[.]" Clearly, the terms "take" and "use" are not interchangeable or even synonymous; obtaining possession of an object is very different from employing that object or putting it into service. The term "and" is defined as a conjunction, and it means "with; as well as; in addition to[.]" *Id*. When given its plain and ordinary meaning, the word "and" between two phrases requires that both conditions be met. See *Karaczewski v Farbman Stein & Co*, 478 Mich 28, 33; 732 NW2d 56 (2007). We note that the " 'popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments.' " *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995) (citation omitted). However, "because the words are not

considering whether the claimant reasonably believed that he was entitled to take and use the vehicle). Notably, in *Bronson, supra* at 625-627, this Court, in dicta, reached the issue whether the claimant, who had *lawfully taken* the vehicle, reasonably believed that he was entitled to take and use the vehicle. While § 3113(a) did not apply, the Court concluded that had the claimant unlawfully taken the vehicle, he would have had a reasonable belief of his entitlement to take and use the vehicle because the only other driver was uncomfortable with a manual transmission. *Id*. The *Bronson* Court, in coming to this conclusion, did not conduct any statutory analysis and conflated the terms "take" and "use" in applying the law to the facts. *Id*.

interchangeable, we should give them their strict mean-
ing when their accurate reading does not give the text a
dubious meaning, and there is no clear contrary legis-
lative intent." *Niles Twp v Berrien Co Bd of Comm'rs*,
261 Mich App 308, 319; 683 NW2d 148 (2004). Constru-
ing the word "and" as a conjunction does not give the
text of § 3113(a) a dubious meaning. On the contrary, it
is clear that it requires a driver who obtains a vehicle
unlawfully to have (1) a reasonable belief that he or she
was entitled to *take* the vehicle and (2) a reasonable
belief that he or she was entitled to *use* the vehicle. The
statute does not contain any clear legislative intent that
the term "and" was meant to be applied as providing a
choice or alternative between taking the vehicle and
using the vehicle. See *Auto-Owners Ins Co v Stenberg
Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997)
("The word 'or' generally refers to a choice or alterna-
tive between two or more things."). Therefore, in cir-
cumstances in which the vehicle was unlawfully taken,
the injured party may obtain PIP benefits only if it can
be shown (1) that the injured party reasonably believed
that he or she was entitled to take the vehicle *and* (2)
that the injured party reasonably believed that he or
she was entitled to use the vehicle.

IV. APPLICATION OF MCL 500.3113(a)

Having already determined that Plumb unlawfully
took the vehicle, we now consider whether Plumb has
made the requisite showing.

A. REASONABLE BELIEF OF ENTITLEMENT TO TAKE

Shelton asserted that he did not give Plumb or
anyone else the keys or permission to drive the Jeep
that night. In her answers and pleadings, Plumb ini-
tially indicated that she did not remember how she

ended up driving the Jeep. Later, in her deposition, she asserted that she remembered the incident after viewing the surveillance videotapes from the bar and participating in therapy. When asked at her deposition if it was true that Plumb did not recall the unidentified man giving her a set of keys, she replied that she did not recall. However, immediately after that, Plumb testified that she recalled the unidentified man helping her into the Jeep, giving her the keys, and asking her to drive because he was on probation. Amerisure claims that Plumb is attempting to create a question of fact by contradicting herself. Although it is well settled that "a party may not create issues of fact through contradiction of that party's prior sworn statements," *Progressive Timberlands, Inc v R & R Heavy Haulers, Inc*, 243 Mich App 404, 411; 622 NW2d 533 (2000), we do not find a contradiction of sworn statements here. Plumb consistently provided one explanation regarding how she came to drive Shelton's Jeep: an unidentified man handed her the keys and asked her to drive. It appears that Plumb's memory was refreshed through therapy and viewing the videotape, akin to refreshed memory under MRE 612. Amerisure also focuses on the fact that Plumb's description of the unidentified man might match Shelton or one of Shelton's friends. However, Plumb never gave any sworn statements identifying Shelton or his friend as the one who gave her the keys. Therefore, these arguments are unavailing.

Given that Plumb left the bar with the unidentified man and claimed that he produced the keys to the Jeep, which was in a parking lot containing very few vehicles, she would have had no reason to doubt that he owned the Jeep. If Plumb received the keys from someone who appeared to own the Jeep, it would have been reasonable for her to believe that she was entitled to take the Jeep within the meaning of § 3113(a). Accordingly,

there was a genuine issue of material fact regarding whether Plumb reasonably believed that she was entitled to take the Jeep. Although Plumb's assertion that an unidentified man gave her the keys to the Jeep may not turn out to be true, it is not for the trial court to make factual findings or weigh credibility when deciding a summary disposition motion. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 176; 579 NW2d 906 (1998) (WEAVER, J.). Rather, all reasonable inferences must be drawn in favor of Plumb, the nonmovant. *Houdek, supra* at 572-573. The trial court erred when it weighed credibility and made impermissible factual findings.

### B. REASONABLE BELIEF OF ENTITLEMENT TO USE

When Plumb's blood and urine were tested at the hospital after the accident, her blood alcohol content was 0.12 grams per hundred milliliters, and her urine tested positive for cocaine and opiates. A toxicology expert opined that, at 2:15 a.m., when the accident was believed to have occurred, Plumb's blood alcohol content was between 0.208 and 0.223 grams per hundred milliliters, which is well above the legal limit of 0.08 grams per hundred milliliters pursuant to MCL 257.625(1)(b). Plumb also admitted that, when she got into the Jeep, she knew that she could not legally drive because her driver's license had been suspended. Therefore, Plumb was not able to legally use the Jeep at the time of the accident. Even given a question of fact regarding whether Plumb reasonably believed that she was entitled to take the Jeep, she could not have reasonably believed that she was entitled to use it.

For the purposes of MCL 500.3113(a), we hold that, as a matter of law, one cannot reasonably believe that he or she is entitled to use a vehicle when the person knows that he or she is unable to legally operate the

vehicle. Therefore, there was no genuine issue of material fact that Plumb lacked a reasonable belief that she was entitled to use the Jeep, and the trial court properly granted Amerisure summary disposition. For the same reason, the trial court did not abuse its discretion in denying Plumb's motion for reconsideration.

Affirmed.

WHITBECK, P.J., concurred.

O'CONNELL, J. (*concurring in part and dissenting in part*). I concur with the majority's holdings that no genuine issue of material fact exists regarding whether defendant Rae Louise Plumb unlawfully took the Jeep, that MCL 500.3113(a) applies to the facts of this case, and that there exists a genuine issue of material fact regarding whether Plumb reasonably believed that she was entitled to take the Jeep. I disagree with the majority's conclusion that MCL 500.3113(a) requires that use of a motor vehicle must be "legal" in order for an individual to be eligible for personal protection insurance (PIP) benefits. I am unable to find such a requirement in the statute. Consequently, I reluctantly conclude that there exists a genuine issue of material fact regarding whether Plumb reasonably believed that she was entitled to take and use the Jeep.

MCL 500.3113 precludes eligibility for PIP benefits under certain circumstances. The statute provides, in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was using a motor vehicle or motorcycle which he or she had *taken unlawfully*, unless the person

*reasonably believed that he or she was entitled to take **and** use the vehicle.* [Emphasis added.]

The majority concludes that MCL 500.3113(a) precludes eligibility for PIP benefits when a motor vehicle is taken unlawfully and the claimant has failed to show (1) that the claimant reasonably believed that he or she was entitled to "take" the vehicle and (2) that the claimant reasonably believed that he or she was entitled to "use" the vehicle. Although I concur with the majority's analysis of MCL 500.3113(a), I disagree with the majority's statement that "[f]or the purposes of MCL 500.3113(a), we hold that, as a matter of law, one cannot reasonably believe that he or she is entitled to use a vehicle when the person knows that he or she is unable to legally operate the vehicle." *Ante* at 431-432. In my opinion, the majority opinion adds a requirement to the statute that does not exist. MCL 500.3113(a) requires that the person using a vehicle must "reasonably believe[] that he or she was entitled to take and use the vehicle." The majority engrafts onto the statute the concept that one must "legally operate the vehicle" in order to have the reasonable belief that he or she was entitled to use the vehicle. I find no such requirement in the statute.

I conclude that there is a question of fact whether Plumb reasonably believed that she was entitled to take and use the vehicle.[1] It is not for the trial court to make factual findings or weigh credibility when deciding a motion for summary disposition. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 176; 579 NW2d 906 (1998) (WEAVER, J.). Rather, the trial court must draw all

---

[1] That Plumb may have stolen the vehicle, that she was an unlicensed driver, and that she may have been intoxicated are all factors that a jury may consider when determining whether Plumb had a reasonable belief that she was entitled to take and use the vehicle.

reasonable inferences in favor of Plumb, the nonmovant. *Houdek v Centerville Twp*, 276 Mich App 568, 572-573; 741 NW2d 587 (2007). The trial court erred when it weighed Plumb's credibility and made impermissible factual findings.[2]

I would reverse and remand for further proceedings consistent with this opinion.

---

[2] Although I note that it is not the role of this Court to add or subtract words from the statute, the ordinary reader of MCL 500.3113 may wonder how one can unlawfully take a motor vehicle and still have a reasonable belief that he or she is entitled to use the vehicle. As a reader of this statute, I share this concern. However, this Court's job is merely to interpret the statute as it is written. The Legislature may wish to revise the statute to provide for a "reasonable belief" that one is entitled "to take the vehicle and legally use the vehicle."