# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 9, 2009

138785

AMERISURE INSURANCE COMPANY,
         Plaintiff-Appellee,

v

RAE LOUISE PLUMB,
         Defendant-Appellant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
         Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138785
COA: 276384
Tuscola CC: 05-023320-NF

On order of the Court, the application for leave to appeal the February 10, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

WEAVER, J. (*concurring*).

While the Court of Appeals reached the correct result, it did so for the wrong reasons. The correct reason why defendant is not entitled to no-fault personal protection insurance benefits (PIP) is that the words "take" and "use" in the applicable statute, MCL 500.3113(a), must be read together - "take and use" - and not analyzed as two separate and distinct components. Defendant concedes that she knew that she was intoxicated and that she had a suspended license at the time of the incident. Thus, defendant cannot claim that she reasonably believed she was entitled to "take and use" the vehicle for purposes of MCL 500.3113(a). Therefore, defendant is not entitled to PIP benefits as provided by the statute. There is no need to read additional words into the statute in order to reach this result.

KELLY, C.J. (*dissenting*).

I dissent from the Court's order denying defendant's application for leave to appeal. I believe leave should be granted to explore whether the Court of Appeals decision improperly imported into MCL 500.3113(a) a requirement that it does not contain.

An unidentified man gave defendant the keys to an automobile, presumably his own, and asked her to drive it. Defendant obliged, despite the fact that her driver's license was suspended and she was intoxicated. She sustained severe injuries in an ensuing accident. Plaintiff, the assigned claims carrier, argued that defendant was disqualified from receiving no-fault personal protection insurance (PIP) benefits. It asserted that she took the vehicle unlawfully and could not have reasonably believed that she was entitled to use it, given her intoxication and lack of a valid driver's license. The trial court agreed and granted summary disposition to plaintiff. The Court of Appeals affirmed in a published opinion, although Judge O'Connell dissented in part.

Defendant argues that the Court of Appeals decision wrongfully imports into MCL 500.3113(a) the requirement that the claimant must have a reasonable belief that she was entitled to take and *legally* use the vehicle. MCL 500.3113 provides, in pertinent part:

> A person is not entitled to be paid [PIP] benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
>> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, *unless the person reasonably believed that he or she was entitled to take and use the vehicle*. [Emphasis added.]

The Court of Appeals reasoned that defendant could not have believed that she was entitled to use the vehicle because she was legally prohibited from doing so. However, it may have been counterintuitive for the Court of Appeals to have discussed factors such as intoxication and the lack of a driver's license in this context. Here, MCL 500.3113(a) serves as an exception to the general rule precluding coverage for one who has unlawfully *taken* a vehicle. As defendant persuasively notes, it seems as if the exception is designed to provide a safe harbor for a claimant who had a reasonable belief that she was not taking the car unlawfully.

Furthermore, defendant claims that the Court of Appeals failed to focus on the operative word of the statute, "entitled." "Entitle" means "to give a right or claim to something."[1] In the context of MCL 500.3113(a), the owner of a vehicle has the capacity to "give a right or claim to something" to another person. Indeed the Legislature enacted

---

[1] *Random House Webster's College Dictionary* (2001).

a statute that speaks merely of a person's reasonable belief that he or she is entitled to take and use a vehicle. MCL 500.3113(a) makes no mention of the legality of the taking. Citizens are presumed to know the law, and it would be no defense that one reasonably believed that one's unlawful actions were lawful. Thus, because MCL 500.3113(a) does not contain the word "legally" before "use," it is difficult to imagine that the Legislature intended the statutory construction employed by the Court of Appeals majority.

Finally, defendant contends that the Court of Appeals opinion is irreconcilable with *Bronson Methodist Hosp v Forshee*.[2]  *Bronson* noted that the purpose of MCL 500.3113(a) is to preclude PIP benefits for someone who has unlawfully taken a motor vehicle. The *Bronson* Court explicitly held, "[I]t is the unlawful nature of the taking, *not the unlawful nature of the use* that forms the basis for exclusion under the statute."[3]  The Court further stated:

> "In [MCL 500.3113], the Legislature excluded from [PIP] benefits individuals who unlawfully take motor vehicles and those who have not procured the automobile insurance required under the no-fault act. If the Legislature had desired to also exclude from coverage those individuals who operate a motor vehicle without a valid operator's permit, it could have included that class of individuals within the purview of the statute. It did not."[4]

Because the Court of Appeals decided that defendant's use of the vehicle was unlawful in light of her intoxication and lack of licensure, its decision appears to conflict with *Bronson*.

Defendant raises several persuasive arguments indicating that the Court of Appeals erred in its interpretation of MCL 500.3113(a). For that reason, I would grant her application for leave to appeal.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

---

[2] *Bronson Methodist Hosp v Forshee*, 198 Mich App 617 (1993).

[3] *Id*. at 627 (emphasis added).

[4] *Id*. at 627-628.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 9, 2009

Clerk

p1006