# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2011

141448

HENRY FORD HEALTH SYSTEM,
      Plaintiff-Appellee,

v

ESURANCE INSURANCE COMPANY,
      Defendant-Appellant,

and

CITIZENS INSURANCE COMPANY
OF AMERICA,
      Defendant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly,
Justices

SC: 141448
COA: 288633
Wayne CC: 07-702050-NF

On order of the Court, the application for leave to appeal the June 8, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

The result here—in which defendant insurance company is required to provide no-fault benefits to a passenger who was riding in a vehicle insured by defendant when it was obviously stolen—is deeply troubling, but I agree with this Court, and with the Court of Appeals, that the law as it now stands compels this result. However, while I am bound to follow this law, I take this opportunity to express my concerns. Under MCL 500.3113(a), a person, such as the injured person in this case, who has no insurance, and who was knowingly riding in a stolen vehicle driven by a person without a driver's license while under the influence of alcohol, is entitled to no-fault benefits from the insurer of the stolen vehicle. Moreover, under this same provision, there is confusion as to whether an injured person who *himself* takes a vehicle without permission, and who drives it without insurance and without a valid license, and who drives it while intoxicated, is entitled to no-fault benefits. Compare *Amerisure Ins Co v Plumb*, 282 Mich App 417 (2009), lv den 485 Mich 909 (2009), with *Farmers Ins Exch v Young*, ___ Mich ___ (Docket No. 141571, order entered Dec 3, 2010, directing oral argument on

whether to grant the application). See also, *Budget Rent-A-Car Sys v City of Detroit*, 482 Mich 1098 (2008), in which this Court affirmed an award of no-fault benefits to a fleeing felon who had used his car as a shield while aiming a firearm at a pursuing police officer. Coverage in these and similar situations, in my judgment, goes far beyond the scope of what an insurer reasonably bargains for when it enters into a policy with the owner of a vehicle, and responsible citizens will inevitably pay these costs through higher premiums. If the coverage in these cases is what is intended by the Legislature, I must defer to its judgment; if, however, it is not, the Legislature should take clear notice that no-fault benefits are now recoverable even by persons whose "fault" pertains to theft, carjacking, and shoot-outs with the police, rather than "fault" pertaining only to negligent or careless driving of a motor vehicle.

YOUNG, C.J., and CORRIGAN and MARY BETH KELLY, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2011

y0112

_Corbin R. Davis_
Clerk