# STATE OF MICHIGAN

# COURT OF APPEALS

JODY KREDELL,

Plaintiff-Appellant,

UNPUBLISHED
April 19, 2016

v

No. 325393
Wayne Circuit Court
LC No. 14-001061-NF

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellee.

Before: O'CONNELL, P.J., AND MARKEY AND O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right an order granting summary disposition in favor of defendant in this action seeking recovery of personal protection insurance benefits (PIP benefits) under the no-fault act, MCL 500.3101 *et seq.* Because there is no genuine issue of any material fact regarding whether plaintiff unlawfully took her boyfriend's vehicle and whether she had a reasonable basis for believing that she could use the vehicle, we affirm.

This case arises from a motor vehicle accident that occurred while plaintiff was driving a Hyundai Santa Fe owned by Diversified Sealcoating, a company owned by plaintiff's boyfriend, Joseph Jaye. After defendant denied plaintiff's claim for PIP benefits, she initiated this lawsuit. The circuit court granted defendant summary disposition on the grounds that MCL 500.3113(a) barred plaintiff from collecting PIP benefits because she unlawfully took her boyfriend's vehicle and could not have reasonably believed that she was entitled to use the vehicle.

On appeal, plaintiff argues that summary disposition for defendant was improper. We disagree.

This Court reviews de novo a circuit court's decision to grant summary disposition under MCR 2.116(C)(10). *McLean v City of Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013).

> In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The evidence submitted

must be considered in the light most favorable to the opposing party. [*Id*. at 73 (quotation marks and citations omitted).]

At the time of the accident, MCL 500.3113 provided, in relevant part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.[1]

This Court has explained:

> Thus, PIP benefits will be denied if the taking of the vehicle was unlawful and the person who took the vehicle lacked a reasonable basis for believing that he [or she] could take and use the vehicle. When applying § 3113(a), the first level of inquiry will always be whether the taking of the vehicle was unlawful. If the taking was lawful, the inquiry ends because § 3113(a) does not apply. [*Amerisure Ins Co v Plumb*, 282 Mich App 417, 425; 766 NW2d 878 (2009) (quotation marks and citation omitted).[2]]

Our Supreme Court has held that a person who takes a vehicle contrary to the joyriding statutes, MCL 750.413 and MCL 750.414, has taken the vehicle unlawfully for purposes of MCL 500.3113(a). *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 509; 821 NW2d 117 (2012). In distinguishing the owner's liability statute, MCL 257.401, the Court explained that "MCL 500.3113(a) does not contain language regarding *an owner's* 'express or implied consent or knowledge' because it examines the legality of the taking from the *driver's* perspective—a perspective that the owner's liability statute lacks." *Id*. at 522.

Subsequently, our Supreme Court held that MCL 750.414 "requires a showing of knowingly taking or using without authority." *Rambin v Allstate Ins Co*, 495 Mich 316, 332; 852 NW2d 34 (2014). In *Rambin*, the Court held that the plaintiff in that case could "present evidence to establish that he did not run afoul of MCL 750.414, and thus did not unlawfully take the motorcycle under MCL 500.3113, because he did not knowingly lack authority to take the

---

[1] MCL 500.3113 was amended on January 13, 2015 and subsection (a) now provides: "The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully." MCL 500.3113(a).

[2] As discussed below, in *Rambin v Allstate Ins Co*, 495 Mich 316, 323 n 7; 852 NW2d 34 (2014), the Michigan Supreme Court disagreed with the *Plumb* Court's analysis regarding whether there was an unlawful taking.

motorcycle because he believed that he had authority to do so." *Id*. at 333. Because MCL 500.3113(a) examines the legality of the taking from the driver's perspective, the Court disagreed "with *Plumb* to the extent it can be read to suggest a person has unlawfully taken a vehicle or motorcycle under the no-fault act solely on the basis that a person takes a vehicle without the owner's permission." *Id*. at 323 n 7. The *Rambin* Court explained that, in *Plumb*, the Court had focused exclusively on whether the driver had received permission from the owner to take the motor vehicle and ignored the evidence that the driver received the keys from someone who appeared to own the vehicle. *Id*. at 323 n 7. In *Rambin*, the Court found that a question of fact existed regarding whether the taking was unlawful where the plaintiff claimed that he believed that the person who granted him permission to take the motorcycle was the rightful owner, but there was also evidence that the plaintiff was complicit in the taking. *Id*. at 327, 334-336.

In this case, the submitted evidence shows that plaintiff did not have authority to take the Santa Fe owned by her boyfriend's company. Plaintiff admitted that Jaye never gave her permission to take or use the Santa Fe, and he did not know she was taking it. Jaye similarly testified that he had never given plaintiff permission to use the vehicle. Contrary to plaintiff's assertion, Jaye never testified that plaintiff had his permission to use the vehicle under the circumstances. He merely stated his belief regarding why plaintiff took the vehicle. Moreover, the fact that Jaye did not report the taking to the police does not render the taking lawful.

Nonetheless, it is necessary to consider whether plaintiff believed that she had authority to take the Santa Fe. See *Rambin*, 495 Mich at 333. Plaintiff never testified that she believed that she had permission to take the Santa Fe in the case of an emergency. Although plaintiff and Jaye lived together and plaintiff used Jaye's other vehicle, plaintiff had never previously driven the Santa Fe and did not have her own set of keys. Moreover, as a company vehicle, the Santa Fe was also not kept at their home. Plaintiff further testified that she was required to drive vehicles that were equipped with interlock devices because of a previous conviction for driving under the influence of alcohol. She knew that she probably should not drive the Santa Fe because it did not have an interlock device. Jaye was also aware of the restriction on plaintiff's driving. Accordingly, there was no genuine issue of the material fact that plaintiff knowingly took the Santa Fe without the owner's authority.

There was also no genuine issue of material fact that plaintiff lacked a reasonable basis for believing that she was entitled to use the Santa Fe. This Court has stated that "[f]or the purposes of MCL 500.3113(a), we hold that, as a matter of law, one cannot reasonably believe that he or she is entitled to use a vehicle when the person knows that he or she is unable to legally operate the vehicle." *Plumb*, 282 Mich App at 431-432. Plaintiff admitted that she knew that, legally, she could not drive the Santa Fe because it was not equipped with an interlock device. Thus, in addition to the reasoning discussed above, as a matter of law, she could not have reasonably believed that she was entitled to use the Santa Fe.

In sum, defendant was entitled to summary disposition in all respects as there is no genuine issue of material fact pertinent to MCL 500.3113(a) which barred plaintiff from

collecting PIP benefits because she unlawfully took her boyfriend's vehicle and could not have reasonably believed that she was entitled to use the vehicle.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien