# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 30, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138461

KYLE ROBERTS, minor, by his next friend,
LILLIAN IRWIN,
            Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,
            Defendant-Appellant.

SC: 138461
COA: 280776
Kalamazoo CC: 06-000311-NF

_____/

On order of the Court, the application for leave to appeal the February 5, 2009 judgment of the Court of Appeals is considered and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would grant leave and hold that the "family joyriding exception," first articulated in Justice Levin's plurality opinion in *Priesman v Meridian Mut Ins Co*, 441 Mich 60 (1992), and applied by the Court of Appeals in *Butterworth Hosp v Farm Bureau Ins Co*, 225 Mich App 244 (1997), is inconsistent with MCL 500.3113(a).

Plaintiff, 12-year old Kyle Roberts, was severely injured when he drove a Ford Explorer into a tree. Roberts did not have permission to use the vehicle and was intoxicated at the time of the accident. The title owner of the vehicle was Steven Vandenburg, with whom Roberts and his mother and next friend, Lillian Irwin, lived. Roberts is unrelated to Vandenburg. Vandenburg had given Irwin permission to use the vehicle and she used it for all her daily needs. At the time of the accident, the only insurance policy Irwin had was a no-fault policy issued to her by defendant Titan Insurance Company. She originally sought the policy for her 1994 Jeep Cherokee but subsequently transferred it to a 1995 Ford Escort. Irwin testified at her deposition that she did not own or use the Escort and that she sought coverage of the vehicle for her son Vernon Austin, III.

Titan denied Roberts personal protection insurance (PIP) benefits.[1] Citing MCL 500.3113(a), Titan argued that Roberts was not entitled to benefits because he had taken the vehicle unlawfully. Roberts filed a complaint, alleging that Titan had breached the policy by denying him PIP benefits. Titan filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing, in part, that Roberts was precluded from receiving benefits under MCL 500.3113(a) because he had taken the vehicle unlawfully. In response, Roberts argued that the "family joyriding exception" to MCL 500.3113(a) applied.

The trial court granted Titan's motion for summary disposition because it concluded that Roberts "[w]ithout question" unlawfully took the vehicle and that "[t]he family joyriding exception to MCL 500.3113(a) as stated by the *Priesman* court is not binding on this court or case." Roberts appealed, and the Court of Appeals reversed on the basis of the application of the "family joyriding exception." *Roberts v Titan Ins Co (On Reconsideration)*, 282 Mich App 339 (2009).[2] The Court noted that it disagreed with the *Butterworth* Court's adoption of the exception but that it was required to follow it as binding precedent. *Id*. at 362.

MCL 500.3113 provides, in relevant part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

In *Priesman*, this Court considered whether "an underage, unlicensed driver injured while driving his mother's automobile without her knowledge or consent may recover medical benefits from the no-fault insurer of her automobile." *Id*. at 61. In an opinion authored by Justice Levin, a plurality concluded that such a driver is entitled to recover no-fault benefits.[3] After noting that the no-fault act does not define "taken unlawfully," the plurality observed that

---

[1] Under MCL 500.3114(1), a personal protection insurance policy generally applies "to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

[2] The court concluded that Irwin was the "owner" of the vehicle for purposes of the no-fault act, MCL 500.3101(2)(h). *Id*. at 354-356.

[3] Justice Boyle concurred in result only.

> [t]he Uniform Motor Vehicle Accident Reparations Act, a model act considered by the Legislature when the no-fault act was adopted, excepts from coverage a "converter"—a person who steals—unless covered under a no-fault policy issued to the converter or a spouse or other relative in the same household. [*Id.* at 66 (emphasis omitted).]

It concluded that, in departing from the language of the Uniform Motor Vehicle Reparations Act (UMVARA), the Legislature intended to "to except from no-fault coverage thieves while driving stolen vehicles even if they or a spouse or relative had purchased no-fault insurance, and not necessarily to except joyriders from coverage." *Id.* at 67. It reasoned:

> Legislators generally are also parents and sometimes grandparents. Some may have had experience with children, grandchildren, nephews, nieces, and children of friends who have used a family vehicle without permission. Some may have themselves driven a family vehicle without permission.
>
> We are not persuaded that legislators, sitting at a drafting session, concluded that the evil against which the UMVARA exception was aimed was not adequate because it did not cover teenagers who "joyride" in their parents' automobiles, especially automobiles covered by no-fault insurance, in the context that countless persons would be entitled, under the legislation they were drafting, to no-fault benefits without regard to whether they are obliged to purchase no-fault insurance or, if obliged to insure, do in fact do so. [*Id.* at 68.]

Dissenting Justice Griffin wrote that "[a]lthough such an argument may have emotional appeal, it is not supported by the language of [MCL 500.3113(a)], nor by the legislative history of that provision." *Id.* at 73 (Griffin, J., dissenting). Justice Griffin looked to the criminal joyriding statute, MCL 750.414,[4] and concluded that the conduct at issue was "unlawful" because it met all of the elements of unlawful use of a vehicle under that provision. *Id.* at 70-71. He rejected the plurality's suggestion that conduct must result in a criminal conviction in order to be "unlawful," noting that MCL 500.3113(a) "does not require a criminal conviction as a prerequisite to finding that a taking was unlawful." *Id.* at 72. "Moreover, the joyriding statute, applicable to 'any person' who takes a motor vehicle without authority, clearly precludes the inference of an exception for minors or family members." *Id.*

---

[4] At the time *Priesman* was decided, MCL 750.414 provided, in relevant part: "Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor . . . ."

Given the Legislature's consideration of several versions of MCL 500.3113(a) and its decision to depart from the language of the UMVARA, Justice Griffin

> [could not] conclude that the Legislature intended any result other than the result required by the clear and unambiguous language of the statute: Any person who takes a vehicle unlawfully is excluded from no-fault coverage if he is injured while using that vehicle. Like the joyriding statute, § 3113(a) contains no exception for minors or family members. [*Id.* at 75-76.]

In *Butterworth*, *supra*, the Court of Appeals followed the plurality opinion in *Priesman*, but it noted that its "precedential value" was "somewhat problematic," and that "any joyriding exception seems to be in derogation of the clear language of the statutes." *Id.* at 249; 249 n 2.

I would grant leave to overrule the "family joyriding exception," which has no basis in the unambiguous language of MCL 500.3113(a). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236 (1999). Under the plain language of MCL 500.3113(a), a person who is injured while using a vehicle he took unlawfully is not entitled to PIP benefits. As the Court of Appeals noted in this case, "the only exception to this exclusion is where the person had a reasonable belief that he or she was entitled to take and use the vehicle." *Roberts*, *supra* at 349. Because the "family joyriding exception" is contrary to the plain language of the statute, I would grant leave to overrule it.

YOUNG, J., joins the statement of CORRIGAN, J.

MARKMAN, J. (*dissenting*).

I would grant leave to consider whether the "family joyriding exception," first articulated in the plurality opinion in *Priesman v Meridian Mut Ins Co*, 441 Mich 60 (1992), is consistent with MCL 500.3113(a).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 30, 2009

_Corbin R. Davis_
Clerk